# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE: DIVALPROEX ER CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL DIVALPROEX ER DIRECT PURCHASER ACTIONS* | LEAD CASE: 16-DV-27240<br>DIRECT CASE: 16-DV-27241<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ZYDUS PHARMACEUTICALS (USA), INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO THE DIVALPROEX ER
## CONSOLIDATED DIRECT PURCHASER COMPLAINT

# I.    INTRODUCTION

Defendant Zydus Pharmaceuticals (USA), Inc. ("Zydus") hereby answers the Consolidated Direct Purchaser Class Action Complaint (the "Complaint") of Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc. and the putative class (collectively, "Plaintiffs") as set forth below.

Zydus denies the allegations in the Complaint except as specifically admitted, denies any allegation as to which there is no specific response, and denies any allegation in titles, headings, footnotes, and other material not included in numbered paragraphs in the Complaint.  Zydus denies that it violated federal or state antitrust laws and denies that discovery will yield evidentiary support for Plaintiffs' allegations against Zydus.  All responses below are based on information known to Zydus as of the date of this Answer; Zydus reserves the right to supplement or amend its responses as necessary.

## II.    RESPONSES TO THE ALLEGATIONS IN THE DIVALPROEX ER CONSOLIDATED DIRECT PURCHASER COMPLAINT

1.    Zydus admits that Plaintiffs purport to bring claims on behalf of a putative class of direct purchasers who purportedly purchased generic divalproex sodium 250 or 500 mg extended-release 24-hour sustained-action tablets ("Divalproex ER") from Defendants Dr. Reddy's Laboratories, Inc., Mylan Inc., Mylan Pharmaceuticals Inc., Par Pharmaceutical, Inc., or Zydus.  Zydus denies that it violated federal or state antitrust laws and denies that discovery will yield evidentiary support for Plaintiffs' allegations against Zydus.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 1 and, on this basis, denies the remaining allegations in paragraph 1.

2.      Zydus denies that it "conspired to thwart the economic benefits of generic competition."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 2 and, on this basis, denies the remaining allegations in paragraph 2.

3.      Zydus admits that Plaintiffs purport to bring a putative class action seeking treble damages against the named Defendants arising from alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Zydus denies the remaining allegations in paragraph 3 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 3 and, on this basis, denies the remaining allegations in paragraph 3.

4.      Zydus denies that it engaged in "unlawful price-fixing."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 4 and, on this basis, denies the remaining allegations in paragraph 4.

5.      Paragraph 5 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 5 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 5 requires a further response, Zydus admits that Divalproex ER is a commonly-prescribed medication indicated for the treatment of migraines and seizures (among other conditions) and admits that valproate has been designated by the World Health Organization as an essential medicine.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 5 and, on this basis, denies the remaining allegations in paragraph 5.

6.      Zydus admits that Divalproex ER has been available in generic form in the United States for nearly a decade.  The second sentence of paragraph 6 states a legal conclusion to which no response is required.  Zydus lacks sufficient information to admit or deny the

remaining allegations in paragraph 6 and, on this basis, denies the remaining allegations in paragraph 6.

7.     The second, third, and fifth sentences of paragraph 7 purport to reference documents; Zydus refers to the documents, which speak for themselves.  Zydus denies that it "engaged in an overarching anticompetitive scheme in the market for Divalproex ER to artificially inflate prices through unlawful agreements between and among would-be competitors," denies that it agreed with others "to increase pricing and restrain competition for the sale of Divalproex ER in the United States," and denies that it "orchestrated [a] conspiracy through secret communications and meetings, both in private and at public events, such as industry events and trade association meetings…."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 7 and, on this basis, denies the remaining allegations in paragraph 7.

8.     Zydus denies the allegations in paragraph 8 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 8 and, on this basis, denies the remaining allegations in paragraph 8.

9.     Paragraph 9 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 9 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 9 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 9 and, on this basis, denies the allegations in paragraph 9.

10.    Paragraph 10 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 10 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 10 requires further response,

Zydus lacks sufficient information to admit or deny the allegations in paragraph 10 and, on this basis, denies the allegations in paragraph 10.

11.     Paragraph 11 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 11 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 11 requires a further response, Zydus lacks sufficient information to admit or deny the allegations and, on this basis, denies the allegations in paragraph 11.

12.     Paragraph 12 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 12 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 12 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 12 and, on this basis, denies the allegations in paragraph 12.

13.     Paragraph 13 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 13 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 13 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 13 and, on this basis, denies the allegations in paragraph 13.

14.     Zydus denies the allegations in paragraph 14 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 14 and, on this basis, denies the remaining allegations in paragraph 14.

15.     Zydus admits that Plaintiffs purport to seek, on behalf of themselves and members of a putative direct purchaser class, damages for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Zydus denies that it violated federal or state antitrust laws, denies that

discovery will yield evidentiary support for Plaintiffs' allegations, and denies that Plaintiffs suffered damages.

16.    The allegations in paragraph 16 state legal conclusions to which no response is required.  To the extent paragraph 16 requires a response, Zydus denies the allegations in paragraph 16 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 16 and, on this basis, denies the remaining allegations in paragraph 16.

17.    The allegations in paragraph 17 state legal conclusions to which no response is required.  To the extent paragraph 17 requires a response, Zydus denies the allegations in paragraph 17 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 17 and, on this basis, denies the remaining allegations in paragraph 17.

18.    Zydus admits that, from August 2013 until the end of the purported class period, it sold and distributed generic pharmaceuticals including Divalproex ER in the United States.  The second sentence of paragraph 18 states a legal conclusion to which no response is required. Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 18 and, on this basis, denies the remaining allegations in paragraph 18.

19.    Zydus admits that, from August 2013 until the end of the purported class period, it sold and distributed generic pharmaceuticals including Divalproex ER in the United States. Zydus denies that it "engaged in an unlawful conspiracy to inflate the prices for Divalproex ER…."  The remaining allegations in paragraph 19 state legal conclusions to which no response is required.

20.     Zydus denies that it engaged in an "antitrust conspiracy" or other "illegal conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 20 and, on this basis, denies the remaining allegations in paragraph 20.

21.     Zydus denies that it engaged in an "antitrust conspiracy" or other "illegal conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 21 and, on this basis, denies the remaining allegations in paragraph 21.

22.     Zydus denies that it engaged in an "antitrust conspiracy" or other "illegal conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 22 and, on this basis, denies the remaining allegations in paragraph 22.

23.     Zydus denies that it engaged in an "antitrust conspiracy" or other "illegal conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 23 and, on this basis, denies the remaining allegations in paragraph 23.

24.     Zydus denies that it engaged in an "antitrust conspiracy" or other "illegal conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 24 and, on this basis, denies the remaining allegations in paragraph 24.

25.     Paragraph 25 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 25 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 25 and, on this basis, denies the allegations in paragraph 25.

26.     Paragraph 26 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 26 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 26 and, on this basis, denies the allegations in paragraph 26.

27.     Paragraph 27 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 27 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 27 and, on this basis, denies the allegations in paragraph 27.

28.     Paragraph 28 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 28 requires a response, Zydus is without sufficient information to admit or deny the allegations in paragraph 28 and, on this basis, denies the allegations in paragraph 28.

29.     Paragraph 29 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 29 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 29 and, on this basis, denies the allegations in paragraph 29.

30.     Zydus admits that it is a New Jersey corporation with offices in Pennington, New Jersey, admits that it sold Divalproex ER in the United States from August 2013 until the end of the purported class period, and admits that the U.S. Food and Drug Administration approved its Abbreviated New Drug Application for Divalproex ER in February 2009.  Zydus denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 state legal conclusions to which no response is required.  To the extent paragraph 31 requires a response, Zydus denies the allegations in paragraph 31 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 31 and, on this basis, denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 state legal conclusions to which no response is required.  To the extent paragraph 32 requires a response, Zydus denies the allegations in paragraph 32 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 32 and, on this basis, denies the remaining allegations in paragraph 32.

33.     Paragraph 33 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 33 requires a response, Zydus denies that it engaged in an unlawful conspiracy.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 33 and, on this basis, denies the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 state legal conclusions to which no response is required.  To the extent paragraph 34 requires a response, Zydus denies the allegations in paragraph 34 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 34 and, on this basis, denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 state legal conclusions to which no response is required.  To the extent paragraph 35 requires a response, Zydus denies the allegations in paragraph 35 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 35 and, on this basis, denies the remaining allegations in paragraph 35.

36.     The allegations in paragraph 36 state legal conclusions to which no response is required.  To the extent paragraph 36 requires a response, Zydus denies the allegations in paragraph 36 as they pertain to it.  Zydus lacks sufficient information to admit or deny the

remaining allegations in paragraph 36 and, on this basis, denies the remaining allegations in paragraph 36.

37.     Zydus admits that, from August 2013 until the end of the purported class period, it sold and distributed Divalproex ER in the United States.  Zydus denies that it manufactures Divalproex ER.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 37 and, on this basis, denies the remaining allegations in paragraph 37.

38.     Zydus denies the allegations in paragraph 38 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 38 and, on this basis, denies the remaining allegations in paragraph 38.

39.     Zydus admits that, from August 2013 until the end of the purported class period, it sold Divalproex ER to purchasers in the United States.  The remaining allegations in paragraph 39 state legal conclusions to which no response is required.  To the extent the remaining allegations in paragraph 39 require a response, Zydus denies the remaining allegations in paragraph 39 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 39 and, on this basis, denies the remaining allegations in paragraph 39.

40.     The allegations in paragraph 40 state legal conclusions to which no response is required.  To the extent paragraph 40 requires a response, Zydus denies the allegations in paragraph 40 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 40 and, on this basis, denies the remaining allegations in paragraph 40.

41.     The allegations in paragraph 41 state legal conclusions to which no response is required.  To the extent paragraph 41 requires a response, Zydus denies the allegations in

paragraph 41 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 41 and, on this basis, denies the remaining allegations in paragraph 41.

42.     The allegations in paragraph 42 state legal conclusions to which no response is required.  To the extent paragraph 42 requires a response, Zydus denies the allegations in paragraph 42 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 42 and, on this basis, denies the remaining allegations in paragraph 42.

43.     The allegations in paragraph 43 state legal conclusions to which no response is required.  To the extent paragraph 43 requires a response, Zydus denies the allegations in paragraph 43 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 43 and, on this basis, denies the remaining allegations in paragraph 43.

44.     Paragraph 44 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 44 also states legal conclusions to which no response is required.  To the extent paragraph 44 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 44 and, on this basis, denies the remaining allegations in paragraph 44.

45.     Paragraph 45 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 45 also states legal conclusions to which no response is required.  To the extent paragraph 45 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 45 and, on this basis, denies the allegations in paragraph 45.

46.     Paragraph 46 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.   Paragraph 46 also states legal conclusions to which no response is required.   To the extent paragraph 46 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 46 and, on this basis, denies the allegations in paragraph 46.

47.     Paragraph 47 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.   Paragraph 47 also states legal conclusions to which no response is required.   To the extent paragraph 47 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 47 and, on this basis, denies the allegations in paragraph 47.

48.     Paragraph 48 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.   Paragraph 48 also states legal conclusions to which no response is required.   To the extent paragraph 48 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 48 and, on this basis, denies the allegations in paragraph 48.

49.     Paragraph 49 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.   To the extent paragraph 49 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 49 and, on this basis, denies the allegations in paragraph 49.

50.     Paragraph 50 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.   Paragraph 50 also purports to reference documents; Zydus refers to the documents, which speak for themselves.   To the extent paragraph 50 requires a further response,

Zydus lacks sufficient information to admit or deny the allegations in paragraph 50 and, on this basis, denies the allegations in paragraph 50.

51.     Paragraph 51 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 51 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 51 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 51 and, on this basis, denies the allegations in paragraph 51.

52.     Paragraph 52 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 52 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 52 and, on this basis, denies the allegations in paragraph 52.

53.     Paragraph 53 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 53 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 53 and, on this basis, denies the allegations in paragraph 53.

54.     Paragraph 54 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 54 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 54 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 54 and, on this basis, denies the allegations in paragraph 54.

55.     Paragraph 55 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 55 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 55 requires a further response,

Zydus lacks sufficient information to admit or deny the allegations in paragraph 55 and, on this basis, denies the allegations in paragraph 55.

56.     Paragraph 56 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 56 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 56 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 56 and, on this basis, denies the allegations in paragraph 56.

57.     Paragraph 57 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 57 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 57 and, on this basis, denies the allegations in paragraph 57.

58.     Paragraph 58 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 58 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 58 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 58 and, on this basis, denies the allegations in paragraph 58.

59.     Zydus denies the allegations in paragraph 59 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 59 and, on this basis, denies the remaining allegations in paragraph 59.

60.     Zydus admits that generic versions of Divalproex ER have been available for several years.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 60 and, on this basis, denies the remaining allegations in paragraph 60.

61.     Paragraph 61 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 61 requires a response, denies that it engaged in "collusive activity."   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 61 and on this basis, denies the remaining allegations in paragraph 61.

62.     Zydus denies that it engaged in unlawful "collusion" or "anticompetitive conduct."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 62 and on this basis, denies the remaining allegations in paragraph 62.

63.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 63 and, on this basis, denies the allegations in paragraph 63.

64.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 64 and, on this basis, denies the allegations in paragraph 64.

65.     Paragraph 65 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 65 requires a response, Zydus admits that it began selling Divalproex ER in August 2013.   Zydus denies that it engaged in a "price-fixing conspiracy."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 65 and, on this basis, denies the allegations in paragraph 65.

66.     Paragraph 66 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 66 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 66 and, on this basis, denies the allegations in paragraph 66.

67.     Paragraph 67 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 67 requires a response, Zydus lacks sufficient

information to admit or deny the allegations in paragraph 67 and, on this basis, denies the allegations in paragraph 67.

68.     Paragraph 68 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 68 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 68 and, on this basis, denies the allegations in paragraph 68.

69.     Paragraph 69 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 69 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 69 and, on this basis, denies the allegations in paragraph 69.

70.     Paragraph 70 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 70 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 70 and, on this basis, denies the allegations in paragraph 70.

71.     Paragraph 71 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 71 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 71 and, on this basis, denies the allegations in paragraph 71.

72.     Paragraph 72 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 72 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 72 and, on this basis, denies the allegations in paragraph 72.

73.     Paragraph 73 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 73 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 73 and, on this basis, denies the allegations in paragraph 73.

74.     Paragraph 74 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 74 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 74 and, on this basis, denies the allegations in paragraph 74.

75.     Paragraph 75 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 75 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 75 and, on this basis, denies the allegations in paragraph 75.

76.     Zydus admits that it began selling Divalproex ER in August 2013.  Zydus denies that it engaged in any unlawful "conspiracy."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 76 and, on this basis, denies the remaining allegations in paragraph 76.

77.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 77 and, on this basis, denies the allegations in paragraph 77.

78.     Zydus admits that it began selling Divalproex ER in August 2013.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 78 and, on this basis, denies the remaining allegations in paragraph 78.

79.     Zydus denies the allegations in the first sentence of paragraph 79 and denies that it engaged in a "cartel."   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 79 and, on this basis, denies the remaining allegations in paragraph 79.

80.     The first sentence of paragraph 80 states legal conclusions to which no response is required.   The second and third sentences of paragraph 80 purport to reference documents; Zydus refers to the documents, which speak for themselves.   To the extent paragraph 80 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 80 and, on this basis, denies the allegations in paragraph 80.

81.     Zydus denies the allegations in paragraph 81 as they pertain to it.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 81 and, on this basis, denies the remaining allegations in paragraph 81.

82.     Zydus denies the allegations in paragraph 82 as they pertain to it.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 82 and, on this basis, denies the remaining allegations in paragraph 82.

83.     Zydus denies the allegations in paragraph 83 as they pertain to it.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 83 and, on this basis, denies the remaining allegations in paragraph 83.

84.     Zydus denies the allegations in paragraph 84 as they pertain to it.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 84 and, on this basis, denies the remaining allegations in paragraph 84.

85.     Zydus denies the allegations in paragraph 85 as they pertain to it.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 85 and, on this basis, denies the remaining allegations in paragraph 85.

86.     Paragraph 86 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 86 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 86 requires a further response, Zydus the allegations in paragraph 86 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 86 and, on this basis, denies the remaining allegations in paragraph 86.

87.     Zydus admits that it was a member of GPhA, NACDS, and HDMA and that certain of its employees attended events hosted by ECRM.  Zydus denies that it used its memberships in these or other organizations "to facilitate [ ] conspiratorial communications and implement [Defendants'] anticompetitive scheme to raise, maintain, and stabilize the prices of Divalproex ER, and to engage in market and customer allocation for Divalproex ER."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 87 and, on this basis, denies the remaining allegations in paragraph 87.

88.     Zydus admits that GPhA is an association of manufacturers and distributors of generic drugs.  Paragraph 88 purports to reference a document; Zydus refers to the document, which speaks for itself.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 88 and, on this basis, denies the remaining allegations in paragraph 88.

89.     Paragraph 89 purports reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 89 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 89 and, on this basis, denies the allegations in paragraph 89.

90.     Zydus admits that, during the purported class period, it was a member of GPhA. The second sentence of paragraph 90 purports to reference a document; Zydus refers to the

document, which speaks for itself.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 90 and, on this basis, denies the remaining allegations in paragraph 90.

91.    Zydus admits that Joseph Renner served on GPhA's Board of Directors from 2012 through 2016 and that Mr. Renner was the President and CEO of Zydus during this time. Zydus lacks sufficient information to admit or deny the remaining allegations in Paragraph 91 and, on this basis, denies the remaining allegations in paragraph 91.

92.    Paragraph 92 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 92 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 92 and, on this basis, denies the allegations in paragraph 92.

93.    Zydus admits that NACDS is an association of chain pharmacies and admits that certain of its employees attended NACDS events including the Total Store Expo.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 93 and, on this basis, denies the remaining allegations in paragraph 93.

94.    Zydus admits that HDMA is an association of pharmaceutical industry distributors and admits that, during the purported class period, it was a member of HDMA and that certain of its employees attended HDMA events.  The first sentence of paragraph 94 purports to reference a document; Zydus refers to the document, which speaks for itself.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 94 and, on this basis, denies the remaining allegations in paragraph 94.

95.    Paragraph 95 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 95 requires a response, Zydus admits that ECRM

hosts events known as Efficient Program Planning Sessions. Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 95 and, on this basis, denies the remaining allegations in paragraph 95.

96.     Paragraph 96 contains no allegations as to Zydus and, therefore, does not require a response by Zydus. To the extent paragraph 96 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 96 and, on this basis, denies the allegations in paragraph 96.

97.     Zydus admits that certain of its employees attended ECRM's Efficient Program Planning Sessions. Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 97 and, on this basis, denies the remaining allegations in paragraph 97.

98.     Zydus admits that, during the purported class period, certain of its employees attended meetings and events hosted by GPhA, HDMA, NACDS, and ECRM. Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 98 and, on this basis, denies the remaining allegations in paragraph 98.

99.     Paragraph 99 contains no allegations as to Zydus and, therefore, does not require a response by Zydus. To the extent paragraph 99 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 99 and, on this basis, denies the allegations in paragraph 99.

100.     Zydus admits that certain of its employees attended GPhA's Annual Meeting in February 2013. Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 100 and, on this basis, denies the remaining allegations in paragraph 100.

101.     Zydus admits that certain of its employees attended ECRM's Efficient Program Planning Session in February 2013. Zydus lacks sufficient information to admit or deny the

remaining allegations in paragraph 101 and, on this basis, denies the remaining allegations in paragraph 101.

102.     Zydus admits that certain of its employees attended NACDS's Annual Meeting in April 2013.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 102 and, on this basis, denies the remaining allegations in paragraph 102.

103.     Zydus admits that certain of its employees attended HDMA's Business and Leadership Conference in June 2013.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 103 and, on this basis, denies the remaining allegations in paragraph 103.

104.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 104 and, on this basis, denies the allegations in paragraph 104.

105.     Zydus admits that certain of its employees attended NACDS's Total Store Expo in August 2013.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 105 and, on this basis, denies the remaining allegations in paragraph 105.

106.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 106 and, on this basis, denies the allegations in paragraph 106.

107.     Zydus admits that certain of its employees attended GPhA's Annual Meeting in February 2014.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 107 and, on this basis, denies the remaining allegations in paragraph 107.

108.     Zydus admits that certain of its employees attended ECRM's Efficient Program Planning Sessions in February 2014.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 108 and, on this basis, denies the remaining allegations in paragraph 108.

109.     Zydus admits that certain of its employees attended NACDS's Annual Meeting in April 2014.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 109 and, on this basis, denies the remaining allegations in paragraph 109.

110.     Zydus admits that certain of its employees attended HDMA's Business and Leadership Conference in June 2014.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 110 and, on this basis, denies the remaining allegations in paragraph 110.

111.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 111 and, on this basis, denies the allegations in paragraph 111.

112.     Zydus admits that certain of its employees attended NACDS's Total Store Expo in August 2014.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 112 and, on this basis, denies the remaining allegations in paragraph 112.

113.     Zydus lacks sufficient information to admit or deny the allegations in paragraph 113 and, on this basis, denies the allegations in paragraph 113.

114.     Zydus admits that certain of its employees attended (i) GPhA's Annual Meeting in February 2015; (ii) ECRM's Efficient Program Planning Sessions in February 2015; (iii) HDMA's CEO Roundtable in April 2015; (iv) NACDS's Annual Meeting in April 2015; (v) HDMA's Business and Leadership Conference in June 2015; (vi) NACDS's Total Store Expo in August 2015); (vii)  NACDS's Annual Meeting in April 2016; and (viii) NACDS's Total Store Expo in August 2016.   Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 114 and, on this basis, denies the remaining allegations in paragraph 114.

115.     Zydus denies the allegations in paragraph 115 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 115 and, on this basis, denies the remaining allegations in paragraph 115.

116.     Paragraph 116 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 116 requires a response, Zydus denies the allegations in paragraph 116 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 116 and, on this basis, denies the remaining allegations in paragraph 116.

117.     Zydus admits that it maintains offices in Pennington, New Jersey.  Zydus denies the remaining allegations in paragraph 117 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 117 and, on this basis, denies the remaining allegations in paragraph 117.

118.     Paragraph 118 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 118 requires a response, Zydus denies the allegations in paragraph 118 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 118 and, on this basis, denies the remaining allegations in paragraph 118.

119.     Zydus denies the allegations in paragraph 119 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 119 and, on this basis, denies the remaining allegations in paragraph 119.

120.     Zydus denies the allegations in paragraph 120 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 120 and, on this basis, denies the remaining allegations in paragraph 120.

121.    Zydus denies the allegations in paragraph 121 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 121 and, on this basis, denies the remaining allegations in paragraph 121.

122.    Zydus denies that it is a public company that makes public investor communications.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 122 and, on this basis, denies the remaining allegations in paragraph 122.

123.    Paragraph 123 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 123 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 123 and, on this basis, denies the allegations in paragraph 123.

124.    Paragraph 124 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 124 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 124 and, on this basis, denies the allegations in paragraph 124.

125.    Paragraph 125 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 125 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 125 and, on this basis, denies the allegations in paragraph 125.

126.    Paragraph 126 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 126 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 126 and, on this basis, denies the allegations in paragraph 126.

127.    Paragraph 127 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 127 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 127 and, on this basis, denies the allegations in paragraph 127.

128.    Paragraph 128 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 128 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 128 and, on this basis, denies the allegations in paragraph 128.

129.    Paragraph 129 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 129 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 129 and, on this basis, denies the allegations in paragraph 129.

130.    Paragraph 130 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 130 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 130 and, on this basis, denies the allegations in paragraph 130.

131.    Paragraph 131 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 131 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 131 and, on this basis, denies the allegations in paragraph 131.

132.    Paragraph 132 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 132 requires a response, Zydus lacks sufficient

information to admit or deny the allegations in paragraph 132 and, on this basis, denies the allegations in paragraph 132.

133.    Paragraph 133 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 133 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 133 and, on this basis, denies the allegations in paragraph 133.

134.    Paragraph 134 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 134 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 134 and, on this basis, denies the allegations in paragraph 134.

135.    Zydus admits that Cadila Healthcare Ltd. is a parent company of Zydus and admits that Ganesh Nayak is an executive director of Cadila Healthcare Ltd.  Paragraph 135 purports to reference statements during an earnings call; Zydus refers the earnings call transcript, which speaks for itself.  Zydus denies the remaining allegations in paragraph 135.

136.    Zydus admits that Pankaj Patel was the chairman and managing director of Cadila Healthcare Ltd.  Paragraph 136 purports to reference statements during an earnings call; Zydus refers the earnings call transcript, which speaks for itself.  Zydus denies the remaining allegations in paragraph 136.

137.    Zydus lacks sufficient information to admit or deny the allegations in paragraph 137 and, on this basis, denies the allegations in paragraph 137.

138.    Paragraph 138 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 138 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 138 requires a further response,

Zydus denies that it engaged in any unlawful "collusion."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 138 and, on this basis, denies the remaining allegations in paragraph 138.

139.     Paragraph 139 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 139 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 139 requires a further response, Zydus denies that it engaged in any unlawful "collusion."  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 139 and, on this basis, denies the remaining allegations in paragraph 139.

140.     Paragraph 140 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 140 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 140 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 140 and, on this basis, denies the allegations in paragraph 140.

141.     Paragraph 141 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 141 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 141 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 141 and, on this basis, denies the allegations in paragraph 141.

142.     Paragraph 142 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 142 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 142 requires a further response, Zydus denies that it engaged in any "anticompetitive conduct."  Zydus lacks sufficient

information to admit or deny the allegations in paragraph 142 and, on this basis, denies the allegations in paragraph 142.

143.    Paragraph 143 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 143 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 143 and, on this basis, denies the allegations in paragraph 143.

144.    Paragraph 144 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 144 requires a further response, Zydus admits that in October 2014 it received a letter from Senator Sanders and Representative Cummings concerning the prices of two generic drugs.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 144 and, on this basis, denies the remaining allegations in paragraph 144.

145.    Paragraph 145 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 145 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 145 and, on this basis, denies the allegations in paragraph 145.

146.    Paragraph 146 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 146 requires a further response, Zydus admits that the October 2014 letter it received from Senator Sanders and Representative Cummings included the aforementioned text.

147.    Paragraph 147 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 147 requires a further response, Zydus admits

that the October 2014 letter it received from Senator Sanders and Representative Cummings included the aforementioned requests.

148.    Paragraph 148 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 148 requires a further response, Zydus admits that the October 2014 letter it received from Senator Sanders and Representative Cummings included the aforementioned request.

149.    Paragraph 149 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 149 also purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 149 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 149 and, on this basis, denies the allegations in paragraph 149.

150.    Paragraph 150 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  Paragraph 150 also purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 150 requires a further response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 150 and, on this basis, denies the allegations in paragraph 150.

151.    Zydus denies the allegations in paragraph 151 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 151 and, on this basis, denies the remaining allegations in paragraph 151.

152.    Paragraph 152 purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 152 requires a further response, Zydus denies the allegations in paragraph 152 as they pertain to it.  Zydus lacks sufficient information

to admit or deny the remaining allegations in paragraph 152 and, on this basis, denies the remaining allegations in paragraph 152.

153.    Zydus denies the allegations in paragraph 153 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 153 and, on this basis, denies the remaining allegations in paragraph 153.

154.    Paragraph 154 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 154 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 154 and, on this basis, denies the allegations in paragraph 154.

155.    Paragraph 155 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 155 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 155 and, on this basis, denies the allegations in paragraph 155.

156.    Paragraph 156 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 156 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 156 and, on this basis, denies the allegations in paragraph 156.

157.    Paragraph 157 contains no allegations as to Zydus and, therefore, does not require a response by Zydus.  To the extent paragraph 157 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 157 and, on this basis, denies the allegations in paragraph 157.

158.    Zydus admits that it is not publicly traded in the United States.  The remaining allegations in paragraph 158 purport to reference a document; Zydus refers to the document,

which speaks for itself.  To the extent paragraph 158 requires a further response, Zydus denies the remaining allegations in paragraph 158.

159.    Zydus denies the allegations in paragraph 159 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 159 and, on this basis, denies the remaining allegations in paragraph 159.

160.    Paragraph 160 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 160 requires a further response, Zydus denies the allegations in paragraph 160 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 160 and, on this basis, denies the remaining allegations in paragraph 160.

161.    Zydus denies the allegations in paragraph 161 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 161 and, on this basis, denies the remaining allegations in paragraph 161.

162.    Paragraph 162 purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 162 requires a further response, Zydus denies the allegations in paragraph 162 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 162 and, on this basis, denies the remaining allegations in paragraph 162.

163.    Paragraph 163 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 163 requires a further response, Zydus denies the allegations in paragraph 163 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 163 and, on this basis, denies the remaining allegations in paragraph 163.

164.    Paragraph 164 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 164 requires a further response, Zydus denies the allegations in paragraph 164 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 164 and, on this basis, denies the remaining allegations in paragraph 164.

165.    Paragraph 165 purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 165 requires a further response, Zydus admits that the United States has intervened in this MDL.  Zydus denies the allegations in paragraph 165 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 165 and, on this basis, denies the remaining allegations in paragraph 165.

166.    Paragraph 166 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 166 requires a further response, Zydus denies the allegations in paragraph 166 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 166 and, on this basis, denies the remaining allegations in paragraph 166.

167.    Paragraph 167 purports to reference documents; Zydus refers to the documents, which speak for themselves.  To the extent paragraph 167 requires a further response, Zydus denies the allegations in paragraph 167 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 167 and, on this basis, denies the remaining allegations in paragraph 167.

168.    Paragraph 168 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 168 requires a further response, Zydus denies

the allegations in paragraph 168 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 168 and, on this basis, denies the remaining allegations in paragraph 168.

169.    Paragraph 169 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 169 requires a further response, Zydus denies the allegations in paragraph 169 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 169 and, on this basis, denies the remaining allegations in paragraph 169.

170.    Paragraph 170 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 170 requires a further response, Zydus denies the allegations in paragraph 170 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 170 and, on this basis, denies the remaining allegations in paragraph 170.

171.    Paragraph 171 purports to reference a document; Zydus refers to the document, which speaks for itself.  To the extent paragraph 171 requires a further response, Zydus denies the allegations in paragraph 171 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 171 and, on this basis, denies the remaining allegations in paragraph 171.

172.    Zydus denies the allegations in paragraph 172 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 172 and, on this basis, denies the remaining allegations in paragraph 172.

173.    Paragraph 173 states legal conclusions to which no response is required.  To the extent paragraph 173 requires a response, Zydus denies the allegations in paragraph 173 as they

pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 173 and, on this basis, denies the remaining allegations in paragraph 173.

174.    Paragraph 174 states legal conclusions to which no response is required.  To the extent paragraph 174 requires a response, Zydus admits that certain of its employees have attended events hosted by GPhA, HDMA, NACDS, and ECRM.  Zydus denies the remaining allegations in paragraph 174 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 174 and, on this basis, denies the remaining allegations in paragraph 174.

175.    Paragraph 175 states legal conclusions to which no response is required.  To extent paragraph 175 requires a response, Zydus denies the allegations in paragraph 175 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 175 and, on this basis, denies the remaining allegations in paragraph 175.

176.    Paragraph 176 states legal conclusions to which no response is required.  To the extent paragraph 176 requires a response, Zydus admits that Plaintiffs purport to bring this action as a class action but denies that this is properly a class action or that any class is properly defined.  Zydus denies the remaining allegations in paragraph 176.

177.    Paragraph 177 states legal conclusions to which no response is required.  To the extent paragraph 177 requires a response, Zydus denies the allegations in paragraph 177.

178.    Paragraph 178 states legal conclusions to which no response is required.  To the extent paragraph 178 requires a response, Zydus denies the allegations in paragraph 178.

179.    Paragraph 179 states legal conclusions to which no response is required.  To the extent paragraph 179 requires a response, Zydus denies the allegations in paragraph 179.

180.    Paragraph 180 states legal conclusions to which no response is required.  To the extent paragraph 180 requires a response, Zydus lacks sufficient information to admit or deny the allegations in paragraph 180 and, on this basis, denies the allegations in paragraph 180.

181.    Paragraph 181 states legal conclusions to which no response is required.  To the extent paragraph 181 requires a response, Zydus denies the allegations in paragraph 181.

182.    Paragraph 182 states legal conclusions to which no response is required.  To the extent paragraph 182 requires a response, Zydus denies the allegations in paragraph 182.

183.    Paragraph 183 states legal conclusions to which no response is required.  To the extent paragraph 183 requires a response, Zydus denies the allegations in paragraph 183.

184.    Paragraph 184 states legal conclusions to which no response is required.  To the extent paragraph 184 requires a response, Zydus denies the allegations in paragraph 184.

185.    Paragraph 185 states legal conclusions to which no response is required.  To the extent paragraph 185 requires a response, Zydus denies the allegations in paragraph 185 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 185 and, on this basis, denies the remaining allegations in paragraph 185.

186.    Paragraph 186 state legal conclusions to which no response is required.  To the extent paragraph 186 requires a response, Zydus denies the allegations in paragraph 186 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 186 and, on this basis, denies the remaining allegations in paragraph 186.

187.    Paragraph 187 states legal conclusions to which no response is required.   To the extent paragraph 187 requires a response, Zydus denies the allegations in paragraph 187 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 187 and, on this basis, denies the remaining allegations in paragraph 187.

188.    Paragraph 188 states legal conclusions to which no response is required.  To the extent paragraph 188 requires a response, Zydus denies the allegations in paragraph 188 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 188 and, on this basis, denies the remaining allegations in paragraph 188.

189.    Zydus repeats and realleges each and every answer above as if fully set forth herein.

190.    Paragraph 190 states legal conclusions to which no response is required.  To the extent paragraph 190 requires a response, Zydus denies the allegations in paragraph 190 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 190 and, on this basis, denies the remaining allegations in paragraph 190.

191.    Paragraph 191 states legal conclusions to which no response is required.  To the extent paragraph 191 requires a response, Zydus denies the allegations in paragraph 191 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 191 and, on this basis, denies the remaining allegations in paragraph 191.

192.    Paragraph 192 states legal conclusions to which no response is required.  To the extent paragraph 192 requires a response, Zydus denies the allegations in paragraph 192 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 192 and, on this basis, denies the remaining allegations in paragraph 192.

193.    Paragraph 193 states legal conclusions to which no response is required.  To the extent paragraph 193 requires a response Zydus denies the allegations in paragraph 193 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 193 and, on this basis, denies the remaining allegations in paragraph 193.

194.   Paragraph 194 states legal conclusions to which no response is required.  To the extent paragraph 194 requires a response Zydus denies the allegations in paragraph 194 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 194 and, on this basis, denies the remaining allegations in paragraph 194.

195.   Paragraph 195 states legal conclusions to which no response is required.  To the extent paragraph 195 requires a response, Zydus denies the allegations in paragraph 195 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 195 and, on this basis, denies the remaining allegations in paragraph 195.

196.   Paragraph 196 states legal conclusions to which no response is required.  To the extent paragraph 196 requires a response, Zydus denies the allegations in paragraph 196 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 196 and, on this basis, denies the remaining allegations in paragraph 196.

197.   Paragraph 197 states legal conclusions to which no response is required.  To the extent paragraph 197 requires a response, Zydus denies the allegations in paragraph 197 as they pertain to it.  Zydus lacks sufficient information to admit or deny the remaining allegations in paragraph 197 and, on this basis, denies the remaining allegations in paragraph 197.

### III.    RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Zydus denies all factual allegations in Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to relief against it.

### IV.    RESPONSE TO PLAINTIFFS' JURY TRIAL DEMAND

Zydus admits that Plaintiffs demand a trial by jury but otherwise denies Plaintiffs' demand.

## V.     AFFIRMATIVE DEFENSES

As separate and additional defenses, Zydus asserts and alleges the following, which apply to each and every claim asserted in the Complaint where such defense is or may be applicable. By virtue of alleging these defenses, Zydus does not assume any burden of proof or persuasion not otherwise legally assigned to it.   Zydus reserves all rights to assert other defenses as appropriate.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Zydus upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Zydus was not part of any contract, combination, or conspiracy in restraint of trade.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because of Plaintiffs' improper market definition.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because they passed on any alleged overcharges to their customers.

### SIXTH AFFIRMATIVE DEFENSE

Certain Plaintiffs' claims are barred against Zydus, in whole or in part, because Zydus did not sell generic drugs to those Plaintiffs during the relevant time period.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Plaintiffs have not suffered any antitrust injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Zydus' actions, if any, were privileged, undertaken in good faith, did not result in any harm to competition, did not unreasonably restrain trade, did not constitute price-fixing, did not constitute market allocation, and/or were based on independent and legitimate business reasons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Zydus' participation in trade association meetings and events, discussions regarding the industry do not constitute a conspiracy to price-fix or allocate markets.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Plaintiffs cannot satisfy the prerequisites set forth in Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure to maintain this action as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert their claims.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because Plaintiffs' damages, if any, are too remote, speculative, and/or uncertain.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because to the extent that Plaintiffs claimed to have sustained injury, such injury was not caused in fact, or proximately caused, by any alleged conduct by Zydus.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegedly wrongful conduct and any damages resulting therefrom were caused by the acts or omissions of third parties over whom Zydus had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because the relief sought is broader than necessary to remedy the alleged harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs claimed to have sustained injury, Plaintiffs are barred from and/or limited in recovery under the doctrine of set-off.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed to the extent that Plaintiffs or putative class members have agreed to arbitrate their claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because to the extent any employee or agent of Zydus engaged in any unlawful act or omission, which Zydus denies, any such act or omission would have been committed by individuals acting *ultra vires*.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, insofar as they seek an award of damages for alleged conduct that is protected under the First Amendment of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, to the extent they would result in Zydus paying damage awards that would violate rights guaranteed by state law and the United States Constitution, including rights guaranteed under the Excessive Fines provision of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment (such as an award resulting in Zydus paying damages to more than one claimant for the same alleged overcharge).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, by the doctrines of unclean hands, estoppel, and waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not adequate representatives for the classes they seek to represent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against Zydus, in whole or in part, because to the extent that Plaintiffs claimed to have sustained injury, any judgment must be reduced to the extent that Plaintiffs release claims otherwise included in this action or receive payments in settlement of the litigation of claims thereunder.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Zydus adopts and incorporates by reference any and all other defenses asserted by any other defendant to the extent Zydus may share in such defenses.

## ADDITIONAL AFFIRMATIVE DEFENSES

Zydus hereby gives notice that it may rely upon other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend its answer and to assert additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

Dated: January 31, 2019

Respectfully submitted,

*/s/ Jason R. Parish*
Jason R. Parish (jason.parish@bipc.com)
Meagan Roach (meagan.roach@bipc.com)
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, DC 20006
Tel: (202) 452-7940
Fax: (202) 403-9846

Bradley J. Kitlowski
(bradley.kitlowski@bipc.com)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219
Tel: (412) 562-8800
Fax: (412) 562-1041

Andrew G. Hope (andrew.hope@bipc.com)
Carrie Amezcua (carrie.amezcua@bipc.com)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 South 16th Street
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax: (215) 665-8760

*Counsel for Defendant Zydus Pharmaceuticals
(USA), Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2019, a copy of Zydus's Answers and Affirmative Defenses to the Divalproex ER Consolidated Direct Purchaser Complaint was filed with the Clerk of the Court and served upon counsel of record via electronic mail.

*/s/ Jason R. Parish*
Jason R. Parish
