## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| IN RE: DIVALPROEX ER CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE:  16-DV-27240<br>DIRECT CASE:  16-DV-27241 |
| *ALL DIVALPROEX ER DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |

## ANSWER BY MYLAN INC. AND MYLAN PHARMACEUTICALS, INC. TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendants Mylan Inc. and Mylan Pharmaceuticals, Inc. (collectively referred to as "Mylan") by and through its attorneys, hereby answers and submits affirmative defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint") brought by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., on behalf of themselves and all others similarly situated ("Plaintiffs") as set forth below.

Mylan denies the allegations in the Complaint except as specifically admitted; denies any allegations as to which there is no specific response; denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs; and denies that it violated the laws as alleged in the Complaint.  The headings used in this Answer are those used in the Complaint and are intended for the convenience of the reader only.  Mylan further states that this Answer is solely on its behalf and is answering allegations only as to it.  Mylan lacks knowledge or information to form a belief about the truth of the allegations in the Complaint that are directed toward other Defendants and on that basis denies all such allegations.

## I.    INTRODUCTION

1.    Mylan admits that Plaintiffs purport to bring this civil action on behalf of certain individuals.  Mylan denies the remaining allegations of Paragraph 1.

2.    Denied.

3.    Denied.

4.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies those allegations.

5.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and, therefore, denies those allegations.

6.    Denied.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Mylan admits that the Department of Justice filed complaints in cases No. 2:16-cr-00506-RB and No. 2:16-cr-00508-RBS in the U.S. District Court for the Eastern District of Pennsylvania, and refers to those complaints for their contents.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies those allegations.

11.    Mylan admits that the DOJ filed a motion for a stay of discovery in MDL 2724 containing the quoted language in Paragraph 11.  Mylan denies the remaining allegations of Paragraph 11.

12.    Denied.

13.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and, therefore, denies those allegations.

14.     Denied.

15.     Paragraph 15 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 15.

## II.     JURISDICTION AND VENUE

16.     Paragraph 16 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 16.

17.     Paragraph 17 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 18.

19.     Paragraph 19 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 19.

## III.     PARTIES

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and, therefore, denies those allegations.

26.     Admitted.

27.     Admitted.

28.     Mylan admits that Mylan Inc. and Mylan Pharmaceuticals, Inc. are wholly-owned indirect subsidiaries of Mylan N.V., a Dutch pharmaceutical company.  Mylan further admits that Mylan Pharmaceuticals, Inc. sells Divalproex ER pursuant to ANDAs that were approved by the FDA in January 2009.  Mylan denies the remaining allegations of Paragraph 28.

29.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and, therefore, denies those allegations.

30.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, denies those allegations.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

**IV.     INTERSTATE TRADE AND COMMERCE**

37.     Denied.

38.     Mylan admits the allegations in Paragraph 38 as they relate to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 38 and, therefore, denies those allegations.

39.     Paragraph 39 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 40.

41.     Paragraph 41 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 41.

42.     Paragraph 42 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 42.

43.     Paragraph 43 contains a legal conclusion to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 43.

## V.     FACTUAL ALLEGATIONS

44.     Mylan denies the factual allegations in Paragraph 44.  Paragraph 44 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 44.

45.     Mylan denies the factual allegations in Paragraph 45.  Paragraph 45 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 45.

46.     Mylan denies the factual allegations in Paragraph 46.  Paragraph 46 also contains legal conclusions to which a response is not required.  To the extent a response is required, Mylan denies the allegations in Paragraph 46.

47.     Denied.

48.     Denied.

49.     Denied.

50.      Mylan admits that the Federal Trade Commission study referenced in the first sentence of Paragraph 50 contains the quoted language in Paragraph 50.  Mylan denies the remaining allegations of Paragraph 50.

51.      Denied.

52.      Denied.

53.      Denied.

54.      Denied.

55.      Denied.

56.      Denied.

57.      Denied.

58.      Denied.

59.      Denied.

60.      Denied.

61.      Denied.

62.      Denied.

63.      Denied.

64.      Mylan denies the allegations in Paragraph 64 as they relate to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 64 and, therefore, denies those allegations.

65.      Denied.

66.      Denied.

67.      Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 and, therefore, denies those allegations.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 and, therefore, denies those allegations.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 and, therefore, denies those allegations.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Mylan admits that the GPhA website contained the quoted language in Paragraph 88.  Mylan denies the remaining allegations of Paragraph 88.

89.     Mylan admits that the GPhA website contained the quoted language in Paragraph 89.  Mylan denies the remaining allegations of Paragraph 89.

90.     Mylan admits that it was a regular member of the GPhA during the Class Period and that the GPhA website contained the quoted language in Paragraph 90.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 90 and, therefore, denies those allegations.

91.     Mylan admits that Tony Mauro was a member of GPhA's Board of Directors in 2012, 2013, and 2014 and that Heather Bresch was a member of GPhA's Board of Directors in 2016.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 91 and, therefore, denies those allegations.

92.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 and, therefore, denies those allegations.

93.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 and, therefore, denies those allegations.

94.     Mylan admits that it was a member of the HDMA during the Class Period. Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 94 and, therefore, denies those allegations.

95.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 and, therefore, denies those allegations.

96.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 and, therefore, denies those allegations.

97.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 and, therefore, denies those allegations.

98.     Denied.

99.     Mylan admits that Marcie McClintic attended the meeting referenced in Paragraph 99.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 99 and, therefore, denies those allegations.

100.     Denied.

101.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 and, therefore, denies those allegations.

102.     Mylan admits that Joseph Duda, Tony Mauro, and Robert Potter attended the meeting referenced in Paragraph 102.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 102 and, therefore, denies those allegations.

103.     Mylan admits that Joseph Duda and Kevin McElfresh attended the meeting referenced in Paragraph 103.  Mylan further admits that John Shane attended the event referenced in Paragraph 103 but denies that he was an employee of Mylan at the time of the referenced event.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 103 and, therefore, denies those allegations.

104.     Denied.

105.     Mylan admits that Joseph Duda, Kevin McElfresh, Robert Potter, and Sean Reilly attended the meeting referenced in Paragraph 105.  Mylan lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 105 and, therefore, denies those allegations.

106.    Denied.

107.    Denied.

108.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 108 and, therefore, denies those allegations.

109.    Mylan admits that Joseph Duda, Tony Mauro, Robert Potter, and John Munson attended the meeting referenced in Paragraph 109.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 109 and, therefore, denies those allegations.

110.    Mylan admits that Joseph Duda attended the meeting referenced in Paragraph 110.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 110 and, therefore, denies those allegations.

111.    Denied.

112.    Mylan admits that Joseph Duda, Tony Mauro, Kevin McElfresh, and Sean Reilly attended the meeting referenced in Paragraph 112.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 112 and, therefore, denies those allegations.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 and, therefore, denies those allegations.

124.     Mylan admits that Plaintiffs purport to quote from an earnings call held on October 25, 2012, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 124.

125.     Mylan admits that Plaintiffs purport to quote from an earnings call held on May 2, 2013, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 125.

126.     Mylan admits that Plaintiffs purport to quote from an earnings call held on May 1, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 126.

127.     Mylan admits that Plaintiffs purport to quote from an earnings call held on August 7, 2014, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 127.

128.     Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 128.

129.     Mylan admits that Plaintiffs purport to quote from an earnings call held on October 30, 2015, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 129.

130.     Mylan admits that Plaintiffs purport to quote from an earnings call held on February 10, 2016, but denies that Plaintiffs accurately and/or completely quote from that call and refers to the transcript of the referenced earnings call for its contents.  Mylan denies the remaining allegations of Paragraph 130.

131.     Denied.

132.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 and, therefore, denies those allegations.

133.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and, therefore, denies those allegations.

134.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 and, therefore, denies those allegations.

135.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 and, therefore, denies those allegations.

136.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 and, therefore, denies those allegations.

137.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 and, therefore, denies those allegations.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 143 and, therefore, denies those allegations.

144.    Mylan admits that Senator Bernie Sanders and Representative Elijah E. Cummings sent a letter to Mylan.  Mylan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 144 and, therefore, denies those allegations.

145.    Denied.

146.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 146 and, therefore, denies those allegations.

147.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 147 and, therefore, denies those allegations.

148.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 148 and, therefore, denies those allegations.

149.    Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 149 and, therefore, denies those allegations.

150.    Denied.

151.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 151 and, therefore, denies those allegations.

152.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 152 and, therefore, denies those allegations.

153.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 153 and, therefore, denies those allegations.

154.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 154 and, therefore, denies those allegations.

155.     Mylan admits that the SEC filing referenced in Paragraph 155 contains the quoted language in Paragraph 155, but denies that the subpoena was "disclosed in a 2016 filing with the United States Securities and Exchange Commission (SEC)."  Mylan denies the remaining allegations of Paragraph 155.

156.     Mylan admits that the quarterly report referenced in Paragraph 156 contains the quoted language in Paragraph 156.  Mylan denies the remaining allegations of Paragraph 156.

157.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 157 and, therefore, denies those allegations.

158.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 158 and, therefore, denies those allegations.

159.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 159 and, therefore, denies those allegations.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Mylan admits that the DOJ filed charges against Glazer and Malek.  Mylan denies the remaining allegations of Paragraph 163.

164.     Denied.

165.     Mylan admits that the DOJ has intervened in MDL 2724.  Mylan denies the remaining allegations of Paragraph 165.

166.     Mylan admits that the Division Update referenced in Paragraph 166 contain the quoted language in Paragraph 166.  Mylan denies the remaining allegations of Paragraph 166.

167.     Mylan admits that various States have filed complaints that are now pending in MDL 2724.  Mylan denies the remaining allegations of Paragraph 167.

168.     Denied.

169.     Mylan admits that various States made filings with the United States Judicial Panel on Multidistrict Litigation on May 16, 2017 and June 13, 2017.  Mylan denies the remaining allegations of Paragraph 169.

170.     Mylan admits that the article referenced in Paragraph 170 contains the quoted language in Paragraph 170.  Mylan denies the remaining allegations of Paragraph 170.

171.     Mylan admits that the New York Attorney General issued a press release on December 15, 2016 containing the quoted language in Paragraph 171.  Mylan denies the remaining allegations of Paragraph 171.

172.     Mylan lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 172 and, therefore, denies those allegations.

## VI.    THE DIVALPROEX ER MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

173.    Paragraph 173 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 173.

174.    Denied.

175.    Denied.

## VII.    CLASS ACTION ALLEGATIONS

176.    Mylan admits that Plaintiffs purport to bring this action as a class action and purport to define the class as indicated in Paragraph 176 but denies that Plaintiffs meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Mylan denies the remaining allegations of Paragraph 176.

177.    Paragraph 177 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 177.

178.    Paragraph 178 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 178.

179.    Paragraph 179 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 179.

180.    Paragraph 180 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 180.

181.    Paragraph 181 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 181.

182.    Paragraph 182 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 182.

183.    Paragraph 183 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 183.

184.    Paragraph 184 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 184.

## VIII.   ANTITRUST INJURY

185.    Paragraph 185 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 185.

186.    Paragraph 186 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 186.

187.    Paragraph 187 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 187.

188.    Paragraph 188 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 188.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

189.    Mylan incorporates by reference its responses to each preceding and succeeding paragraph as though fully set forth herein.

190.    Paragraph 190 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 190.

191.    Paragraph 191 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 191.

192.    Paragraph 192 contains a legal conclusion to which a response is not required. To the extent a response is required, Mylan denies the allegations in Paragraph 192.

193.    Paragraph 193 contains a legal conclusion to which a response is not required.

To the extent a response is required, Mylan denies the allegations in Paragraph 193.

194.    Paragraph 194 contains a legal conclusion to which a response is not required.

To the extent a response is required, Mylan denies the allegations in Paragraph 194.

195.    Paragraph 195 contains a legal conclusion to which a response is not required.

To the extent a response is required, Mylan denies the allegations in Paragraph 195.

196.    Paragraph 196 contains a legal conclusion to which a response is not required.

To the extent a response is required, Mylan denies the allegations in Paragraph 196.

197.    Paragraph 197 contains a legal conclusion to which a response is not required.

To the extent a response is required, Mylan denies the allegations in Paragraph 197.

## X.    PRAYER FOR RELIEF

Mylan requests that the Court deny Plaintiffs' requested relief and enter judgment in its favor.

## XI.    JURY TRIAL DEMANDED

Mylan requests a jury trial on all claims so triable.

**AFFIRMATIVE DEFENSES**

As stated in its Answer above, Mylan does not admit any liability, that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, Mylan pleads in the alternative the following affirmative defenses. Mylan does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Mylan incorporates by reference any defenses applicable to it that are asserted by any other Defendant as if fully set forth herein.

**FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead conspiracy or fraud with the particularity required under applicable law.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury and/or do not have standing.

**FOURTH DEFENSE**

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' claims are improperly joined within the meaning of the Federal Rules of Civil Procedure 20 or 23 because they did not arise out of the same transaction, occurrence, or series

of transactions or occurrences, and/or do not involve questions of law or fact common to all defendants.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members against Mylan are barred to the extent they have agreed to arbitration, chosen a different forum for the resolution of their claims, or waived a jury trial.  This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct on the part of Mylan.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs and/or certain members of the putative class failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.  Alternatively, any damages sustained by Plaintiffs and members of the

purported plaintiff class, which Mylan denies, must be reduced by the amount that such damages would have been reduced had Plaintiffs and the members of the purported plaintiff class exercised reasonable diligence in mitigating their damages.

## TWELFTH DEFENSE

Plaintiffs attempt to allege a conspiracy spanning eight or more years that they claim resulted in their paying higher prices for the products in issue, but Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit.  To the extent Plaintiffs could have brought essentially the same claims years earlier, Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of estoppel and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any injury or damages the Plaintiffs and members of the class may have suffered were caused solely or proximately by market conditions or the acts and omissions of others and not by any act or omission attributable to Mylan.

## FOURTEENTH DEFENSE

Plaintiffs' claims and those of members of the class are barred because the actions or practices of Mylan that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuant of Mylan's independent interests and those of its customers, and were not the result of any unlawful contract, combination or conspiracy between Mylan and any other person or entity.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and those of members of the class are barred because the alleged actions or practices of Mylan that are the subject of the Complaint were undertaken because of economic coercion.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and those of members of the putative class are barred to the extent any recovery would be duplicative of a recovery by other plaintiffs and in other lawsuits, subjecting Mylan to the possibility of multiple recovery which is barred by the United States Constitution.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan injured competition in any relevant market.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because none of the alleged actions taken by Mylan harmed consumers.

**NINETEENTH DEFENSE**

Mylan incorporates by reference all affirmative defenses asserted by other Defendants in this action.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred because Mylan's conduct was protected under the United States Constitution, including but not limited to the First Amendment.

Dated:  January 31, 2019

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Chul Pak*
Chul Pak
Jeffrey C. Bank
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
cpak@wsgr.com
jbank@wsgr.com

Seth C. Silber
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street, N.W., 5th Floor
Washington, D.C. 20006
Telephone:  (202) 973-8800
Facsimile:  (202) 973-8899
ssilber@wsgr.com

Adam K. Levin
Benjamin F. Holt
Justin W. Bernick
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
adam.levin@hoganlovells.com
benjamin.holt@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendants Mylan Inc. and Mylan*
*Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Bank, hereby certify that on this 31st day of January, 2019, I caused

Defendant Mylan's Answer to the Consolidated Direct Purchaser Class Action Complaint to be

filed using the Court's ECF system thereby serving it electronically on all counsel of record.

*s/ Jeffrey C. Bank*
Jeffrey C. Bank
