**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724<br>16-MD-2724 |
| IN RE: DIVALPROEX CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-DV-27240<br>DIRECT CASE: 16-DV-27241 |
| *ALL DIVALPROEX DIRECT PURCHASER ACTIONS* | |
| AHOLD USA, INC. *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. *et al.*,<br><br>Defendants. | |

**DEFENDANT PAR PHARMACEUTICAL, INC.'S ANSWER AND DEFENSES**

Defendant Par Pharmaceutical, Inc. ("Par") states the following as its Answer and Defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint"). Any allegation in the Complaint not explicitly responded to in this Answer, including any allegations made in the Complaint's headings or sub-headings, is hereby denied.

**ANSWER**

**I.      Introduction**

1.      Par admits that Plaintiffs purport to bring this action against Defendants on behalf of themselves and "all others similarly situated," but Par denies that this action meets the

prerequisites for a class action under Federal Rule of Civil Procedure 23.  Par further denies that Plaintiffs are entitled to any relief from Par.

2.      Par denies the allegations in Paragraph 2.

3.      Par admits that this is a civil action seeking treble damages, but it denies that Par has engaged in any of the alleged unlawful conduct, denies that it violated the Sherman Act, and denies the remaining allegations in Paragraph 3.

4.      Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, denies them.

5.      Par admits that Divalproex ER is an anticonvulsant indicated for the treatment of migraines and seizures.  Par admits that valproate has been designated an essential medicine by the World Health Organization.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5.

6.      Par admits that generic Divalproex ER has been available in the United States for almost a decade.  Par denies the remaining allegations in Paragraph 6.

7.      Par admits only that the third sentence of Paragraph 7 purports to quote from a publication by the United States Government Accountability Office, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 7.

8.      Par admits that certain federal and state regulators have conducted inquiries into the pricing of certain generic pharmaceuticals.  Par also admits that the DOJ has empaneled a grand jury in this District, which has issued subpoenas related to the pricing of generic pharmaceuticals, and that Par has received one such subpoena.  Par denies any insinuation that it has engaged in price-fixing or anti-competitive conduct.  Par lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 8, and, on that basis, denies them.

9.      Par admits only that Paragraph 9 purports to summarize a letter and a press release by the National Community Pharmacists Association, the contents of which speak for themselves.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9, and, on that basis, denies them.

10.      Par admits only that Paragraph 10 purports to summarize charging documents filed by DOJ against Jeffrey Glazer and Jason Malek, the contents of which speak for themselves.  Par admits that Glazer and Malek pleaded guilty to the charges.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10, and, on that basis, denies them.

11.      Par admits that DOJ has stated that its investigation overlaps with at least some of the drugs at issue in MDL 2724.  Par admits only that the remaining allegations in Paragraph 11 purport to summarize and quote from DOJ's Motion to Stay Discovery, the content of which speaks for itself.

12.      Par admits that 20 state attorneys general led by the State of Connecticut sued Aurobindo, Citron, Heritage, Teva, Mayne, and Mylan soon after the DOJ filed criminal charges, and that their complaint alleged bid-rigging, price-fixing and market and customer allocation in connection with their sale of doxycycline hyclate delayed release ("doxycycline DR") and generic glyburide in the United States.  Par admits the allegations in the second sentence of Paragraph 12.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegation in the third sentence of Paragraph 12, and, on that basis, denies it.  Par admits only that the fourth sentence of Paragraph 12 purports to quote from an online article, the content of

which speaks for itself.  Par admits the allegations in the fifth sentence of Paragraph 12.  Par denies the remaining allegations in Paragraph 12.

13.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 13, and, on that basis, denies them.  Par admits only that the second sentence of Paragraph 13 purports to quote from a Pfizer, Inc. SEC filing, the content of which speaks for itself.

14.     Par denies the allegations in Paragraph 14.

15.     Par admits that Plaintiffs purport to seek damages but denies that Par violated the Sherman Act, denies that Plaintiffs or any purported class are entitled to any damages, and denies the remaining allegations in Paragraph 15.

## II.     Jurisdiction and Venue

16.     The allegations in Paragraph 16 contain legal conclusions or arguments that require no response.  To the extent a response is required, Par denies the allegations.

17.     With regard to Plaintiffs' use of the term "Class Period," Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.[1]  The allegations in Paragraph 17 contain legal conclusions or arguments that require no response.  To the extent a response is required, Par denies the allegations.

18.     The allegations in Paragraph 18 contain legal conclusions or arguments that require no response.  To the extent a response is required, Par denies the allegations.

---

[1] Par herein incorporates this denial in response to all other references to a "Class Period" in the Complaint.

19.     The allegations in Paragraph 19 contain legal conclusions or arguments that require no response.  To the extent a response is required, Par denies the allegations and denies that it was engaged in any alleged conspiracy.

### III.     Parties

20.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 20, and, on that basis, denies them.  Par denies that Ahold USA, Inc. purchased Divalproex ER directly from Par in or after June 2013.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 20, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 20.

21.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 21, and, on that basis, denies them.  Par admits that Cesar Castillo, Inc. purchased Divalproex ER directly from Par on one or more occasions in or after June 2013.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 21, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 21.

22.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 22, and, on that basis, denies them.  Par admits that Frank W. Kerr Company purchased Divalproex ER directly from Par on one or more occasions in or after June 2013.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 22, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 22.

23.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first and sentences of Paragraph 23, and, on that basis, denies them.  Par

admits that KPH Healthcare Services, Inc. purchased Divalproex ER directly from Par on one or more occasions in or after June 2013.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 23, and, on that basis, denies them.  Par denies the allegations in the fourth sentence of Paragraph 23.

24.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 24, and, on that basis, denies them.  Par denies that Rochester Drug Co-Operative, Inc. purchased Divalproex ER directly from Par in or after June 2013.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 24, and, on that basis, denies them.  Par denies the allegations in the third sentence of Paragraph 24.

25.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and, on that basis, denies them.

26.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and, on that basis, denies them.

27.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and, on that basis, denies them.

28.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and, on that basis, denies them.

29.     Par admits that Par Pharmaceutical, Inc. is an indirect subsidiary of Endo International plc ("Endo").  Par admits the allegations in the second sentence of Paragraph 35.  Par denies the allegations in the third sentence of Paragraph 35.  Par admits that it sold Divalproex ER to certain purchasers in this District at times in or after June 2013.  Par denies the allegations in the fifth sentence of Paragraph 29.  Par lacks sufficient knowledge or information

about what is meant by "throughout the United States" to form a belief as to the truth of that allegation, and, on that basis, denies it. Par denies the allegations in the first sentence of Footnote 10 to Paragraph 29. Par admits the allegations in the second sentence of Footnote 10.

30.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, denies them.

31.     Par denies the allegations in Paragraph 31.

32.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32, and, on that basis, denies them.

33.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33, and, on that basis, denies them.

34.     Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34, and, on that basis, denies them.

35.     Par denies that it has participated in, or authorized anyone to participate in, any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed. Par also denies that its officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Par's affairs, participated in or ordered others to participate in any alleged conspiracy. Par lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in Paragraph 35, and, on that basis, denies them.

36.    Par denies that it has performed any alleged wrongful acts.  Par also denies that its directors, officers, managers, agents, employees, or representatives, while actively engaged in the management, direction, or control of Par's affairs, authorized, ordered, or did any alleged wrongful acts.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36, and, on that basis, denies them.

## IV.    Interstate Trade and Commerce

37.    Par admits that it previously manufactured and supplied Divalproex ER in the United States, but it denies that it currently does so.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and, on that basis, denies them.

38.    Par admits that Divalproex ER was previously produced by Par in the United States, but it denies that Par or anyone on its behalf is currently producing Divalproex ER.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38, and, on that basis, denies them.

39.    The allegations in Paragraph 39 contain legal conclusions or arguments that require no response.  To the extent a response is required, Par denies the allegations.

40.    The allegations in Paragraph 40 contain legal conclusions that require no response.  To the extent a response is required, Par denies the allegations.  Par denies that it has participated in any alleged conspiracy with any person, firm, entity, or corporation, whether named or unnamed.

41.    Par denies the allegations in Paragraph 41.

42.    Par denies the allegations in Paragraph 42.

43.     Par denies the allegations in Paragraph 43.

## V.     Factual Allegations

44.     Par admits only that the allegations in the second and third sentences of Paragraph 44 purport to summarize and quote from the FDA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 44.

45.     Par admits only that the allegations in Paragraph 45 purport to characterize the Hatch-Waxman Act and its legislative history, the content of which speaks for itself

46.     Par admits the allegations in Paragraph 46.

47.     Par admits that all FDA-approved generic versions of brand name drugs are equivalent to the same reference listed drug from a safety and efficacy standpoint.  Par denies the remaining allegations in Paragraph 47.

48.     Par lacks sufficient knowledge or information about what is and is not "well established in economic literature" to form a belief as to the truth of the allegations in the first sentence of Paragraph 48, and, on that basis, denies them.  Par denies the allegations in the second, third, and fourth sentences of Paragraph 48.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 48, and, on that basis, denies them.

49.     Par lacks sufficient knowledge or information about aggregated, annual savings attributable to generic drugs to form a belief as to the truth of that allegation in Paragraph 49, and, on that basis, denies it.  Par denies the remaining allegations in Paragraph 49.

50.     Par admits only that the first sentence of Paragraph 50 purports to quote from a Federal Trade Commission study, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 50.

51.     Par lacks sufficient knowledge or information about what "usually" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 51, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 51, and, on that basis, denies them.  Par admits only that the third sentence of Paragraph 51 purports to summarize the findings of a study conducted by the Generic Pharmaceutical Association, the content of which speaks for itself.

52.     Par lacks sufficient knowledge or information about what "[o]rdinarily" occurs to form a belief as to the truth of the allegations in the first sentence of Paragraph 52, and, on that basis denies them.  Par admits that prescription drug pricing for certain consumers is not determined between the retailer and the consumer.  Par admits that because certain consumers' prescription drug purchases are reimbursed by health plans, pricing for those consumers' prescription drugs may be determined by reimbursement agreements between prescription drug payers and pharmacies.  Par denies the remaining allegations in Paragraph 52.

53.     Par lacks sufficient knowledge or information about what "typically" or "generally" occurs to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 53, and, on that basis, denies them.  Par admits that WAC prices represent a manufacturer's reported list price.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Footnote 15 to Paragraph 53, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 53.

54.     Par admits the allegations in the first sentence of Paragraph 54.  Par denies the allegations in the second sentence of Paragraph 54.  Par admits only that the allegations in the second sentence of Footnote 16 to Paragraph 54 purport to summarize the FDA's website, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in Paragraph 54 (including the footnote), and, on that basis, denies them.

55.     Par admits that PBMs usually do not disclose publicly their MAC pricing or the basis for their MAC pricing, but Par lacks sufficient knowledge or information about what "is believed" to be the basis for MAC pricing to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 55, and, on that basis, denies them.  Par admits only that the second sentence in Paragraph 55 purports to summarize an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55, and, on that basis, denies them.

56.     Par admits that MAC pricing may not be transparent.  Par admits that the Academy of Managed Care Pharmacy has publicly stated that it opposes government regulation of MAC pricing and any efforts to disclose MAC prices or the method of calculating them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56, and, on that basis, denies them.

57.     Par denies the allegations in Paragraph 57.

58.     Par admits only that the last sentence of Paragraph 58 purports to quote an online publication by Express Scripts, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58, and, on that basis, denies them.

59.     Par denies the allegations in Paragraph 59.

60.     Par admits that generic versions of Divalproex ER have been on the market for years.  The allegations in Paragraph 60 regarding alleged sales purport to summarize data

published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Footnote 26 to Paragraph 60, and, on that basis, denies them.  Par admits only that the remaining allegations in Footnote 26 purport to quote from and summarize the website of IMS Health, the content of which speaks for itself.  Par denies that it participated in a price-fixing conspiracy and denies the remaining allegations in Paragraph 60.

61.     Par denies the allegations in Paragraph 61.

62.     Par lacks sufficient knowledge or information about what is meant by the phrase "[a]t all times relevant for this lawsuit" to form a belief as to the truth of the allegations in the first sentence of Paragraph 62, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 62.

63.     The allegations in Paragraph 63 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

64.     The allegations in Paragraph 64 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

65.     Par denies the allegations in the first sentence of Paragraph 65.  Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65, and, on that basis, denies them.

66.     The allegations in the charts shown in Paragraph 66 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

68.     The allegations in Paragraph 68 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

69.     Par denies that it engaged in any alleged conspiracy.  The remaining allegations in Paragraph 69 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

70.     Par denies that it engaged in any alleged price-fixing conspiracy.  Par lacks sufficient knowledge or information about what is "unexpected[]" to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 70, and, on that basis, denies them. The remaining allegations in Paragraph 70 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

71.     The allegations in Paragraph 71 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

72.     Par denies Plaintiffs' characterizations of Par's prices.  The remaining allegations in Paragraph 72 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

73.     Par denies that it engaged in any alleged conspiracy and denies Plaintiffs' characterizations of Par's prices.  The remaining allegations in Paragraph 73 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

74.     Par denies the allegations in the first sentence of Paragraph 74 and denies that it engaged in any alleged price-fixing conspiracy.  The remaining allegations in Paragraph 74 purport to summarize data published by QuintilesIMS Inc., and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

75.     Par lacks sufficient knowledge or information to for a belief as to the truth of the allegations in the first sentence of Paragraph 75, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 75.

76.     Par lacks sufficient knowledge or information to for a belief as to the truth of the allegations in the first sentence of Paragraph 76, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 76.

77.     The allegations in Paragraph 77 purport to summarize NADAC price data, and therefore Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and, on that basis, denies them.

78.     Par denies the allegations in the second sentence of Paragraph 78.  Par admits that it set its Divalproex WAC prices as shown in the charts in Paragraph 78.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78, and, on that basis, denies them.

79.     Par denies the allegations in Paragraph 79.

80.     Par admits only that the first sentence of Paragraph 80 purports to summarize a statute, the content of which speaks for itself.  Par denies the allegations in the second sentence of Paragraph 80.  Par admits that Divalproex ER does not appear on the current list of ASHP Resolved Shortage Bulletins, but Par denies that this current list includes drug shortages dating back to August 2010.  Par lacks sufficient knowledge or information to form a belief as to the truth of remaining allegations in the third sentence of Paragraph 80, and, on that basis, denies them.  Par admits that it did not report any drug shortages or supply disruptions concerning Divalproex ER to the FDA in or after June 2013, but Par lacks sufficient knowledge or information to form a belief as to the truth of those allegations as to other Defendants, and, on that basis, denies them.  Par denies that it engaged in any supracompetitive pricing of Divalproex ER.

81.     Par denies the allegations in Paragraph 81.

82.     Par denies the allegations in Paragraph 82.

83.     Par denies the allegations in Paragraph 83.

84.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 84, and, on that basis, denies them.  Par denies that it has engaged in a conspiracy and denies the remaining allegations in Paragraph 84.

85.     Par denies the allegations in Paragraph 85.

86.     Par admits only that the first sentence of Paragraph 86 purports to summarize a FiercePharma article, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 86 purports to quote from a press release on the website of the Connecticut Attorney General, the content of which speaks for itself.

87.     Par denies the allegations in Paragraph 87.

88.     Par admits only that the first sentence of Paragraph 88 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Par denies the remaining allegations in Paragraph 88.

89.     Par admits only that Paragraph 89 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.

90.     Par admits that it was a member of the GPhA at times in or after June 2013, but Par lacks sufficient knowledge or information to form a belief as to the truth of that allegation as to the other Defendants, and, on that basis, denies that allegation.  Par admits only that the second sentence in Paragraph 90 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.

91.     Par admits that Tony Pera was a member of the GPhA's Board of Directors in 2015 and 2016.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 91, and, on that basis, denies them.

92.     Par admits that former Heritage CEO Jeffrey Glazer pleaded guilty to federal criminal charges relating to price fixing and other anticompetitive activity concerning doxycycline DR and glyburide.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92, and, on that basis, denies them.

93.     Par admits the allegations in the first and second sentences of Paragraph 93.  Par admits that NACDS holds industry events, including regional and annual conferences.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegation that all Defendants attended NACDS events, including the Total Store Expo, and, on that basis, denies it.

94.     Par admits only that the first sentence of Paragraph 94 purports to summarize and quote from the HDA's website, the content of which speaks for itself.  Par admits the allegations in the second sentence of Paragraph 94.  Par admits the allegations in the third sentence of Paragraph 94 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 94, and, on that basis, denies them.

95.     Par admits only that Paragraph 95 purports to summarize ECRM's website, the content of which speaks for itself.

96.     Par admits the allegations in Paragraph 96.

97.     Par admits that certain of its employees have at times attended ECRM's Efficient Program Planning Sessions.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97, and, on that basis, denies them.

98.     Par admits that certain meetings and events hosted by GPhA, HDMA, NACDS, and ECRM were held at times in or after June 2013, and that some Par employees with substantive involvement in the decision-making process for pricing attended certain of those meetings and events.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 98, and, on that basis, denies them.

99.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and, on that basis, denies them.

100.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100, and, on that basis, denies them.

101.    Par admits that ECRM held its annual Retail Pharmacy Efficient Program Planning Session in Dallas, Texas on February 24-27, 2013.  Par admits that this meeting was attended by the Par employees alleged by Plaintiffs in subpart b of Paragraph 101.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 101, and, on that basis, denies them.

102.    Par admits that NACDS held its 2013 Annual Meeting in Palm Beach, Florida on April 20-23, 2013.  Par admits that this meeting was attended by the Par employees alleged by Plaintiffs in subpart c of Paragraph 102.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102, and, on that basis, denies them.

103.    Par admits the allegations in the first sentence of Paragraph 103.  Par admits that the HDMA's June 2013 BLC meeting was attended by the Par employees alleged by Plaintiffs in subpart c of Paragraph 103, but Par denies that Sandra Bayer, Peter Gargiulo, and Christopher Neurohr attended as employees of Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103, and, on that basis, denies them.

104.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104, and, on that basis, denies them.

105.    Par admits the allegations in the first sentence of Paragraph 105.  Par admits that NACDS's August 2013 Total Store Expo was attended by the Par employees alleged by Plaintiffs in subpart c of Paragraph 105.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105, and, on that basis, denies them.

106.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and, on that basis, denies them.

107.    Par admits that GPhA held its Annual Meeting in Orlando, Florida on February 19-21, 2014.  Par admits that this meeting was attended by an employee of Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107, and, on that basis, denies them.

108.    Par admits that ECRM held its annual Retail Pharmacy Efficient Program Planning Session in Amelia Island, Florida on February 23-26, 2014.  Par admits that this meeting was attended by the Par employees alleged by Plaintiffs in subpart b of Paragraph 108.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108, and, on that basis, denies them.

109.    Par admits the allegations in the first sentence of Paragraph 109.  Par admits that NACDS's 2014 annual meeting was attended by the Par employees alleged by Plaintiffs in subpart c of Paragraph 109.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109, and, on that basis, denies them.

110.    Par admits that the HDMA held a BLC in Phoenix, Arizona on June 1-4, 2014.  Par admits that this meeting was attended by Peter Gargiulo and Sandra Bayer, but Par denies that Ms. Bayer attended as an employee of Par.  Par denies that Jon Holden attended.  Par lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 110, and, on that basis, denies them.

111.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and, on that basis, denies them.

112.    Par admits that NACDS held its 2014 Total Store Expo in Boston, Massachusetts on August 23-26, 2014.  Par also admits that this meeting was attended by the Par employees alleged by Plaintiffs in subpart c of Paragraph 112.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 112, and, on that basis, denies them.

113.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and, on that basis, denies them.

114.    Par admits that certain of its employees attended the following trade association meetings, conferences, or events: (i) the February 9-11, 2015 GPhA Annual Meeting in Miami, Florida; (ii) the February 22, 2015 ECRM meeting in Destin, Florida; (iii) the April 25-28, 2015 NACDS Annual Meeting in Palm Beach, Florida; (iv) the June 7-10, 2015 HDMA BLC in San Antonio, Texas; (v) the August 22-25, 2015 NACDS Total Store Expo in Denver, Colorado; (vi) the June 12-16, 2016 HDMA BLC in Colorado Springs, Colorado; (vii) the April 16-19, 2016, NACDS Annual Meeting in Palm Beach, Florida; and (viii) the August 6-9, 2016, NACDS 2016 Total Store Expo in Boston, Massachusetts.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 114, and, on that basis, denies them.

115.    Par admits only that Paragraph 115 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for

itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 115 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115, and, on that basis, denies them.

116.    Par admits only that Paragraph 116 purports to summarize allegations made in a complaint filed in this MDL by certain State Attorneys General, the content of which speaks for itself.  To the extent any additional response is required, Par denies the allegations in Paragraph 116 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 116, and, on that basis, denies them.

117.    Par admits that it is headquartered in New York, but Par lacks sufficient knowledge or information about the headquarters of other generic drug manufacturers to form a belief as to the truth of those allegations, and, on that basis, denies them.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 117, and, on that basis, denies them.  Par denies that it engaged in collusion and denies the remaining allegations in Paragraph 117.

118.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118, and, on that basis, denies them.

119.    Par denies the allegations in Paragraph 119 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119, and, on that basis, denies them.

120.    Par denies the allegations in Paragraph 120 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 120, and, on that basis, denies them.

121.    Par denies the allegations in Paragraph 121 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 121, and, on that basis, denies them.

122.    Par denies the allegations in Paragraph 122 solely as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122, and, on that basis, denies them.

123.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123, and, on that basis, denies them.

124.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124, and, on that basis, denies them.

125.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125, and, on that basis, denies them.

126.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126, and, on that basis, denies them.

127.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127, and, on that basis, denies them.

128.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128, and, on that basis, denies them.

129.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and, on that basis, denies them.

130.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and, on that basis, denies them.

131.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131, and, on that basis, denies them.

132.    Par admits only that the allegations in Paragraph 132 purport to quote from a May 18, 2015 Endo International plc PowerPoint presentation, the content of which speaks for itself. Par avers that the allegations in Paragraph 132, which concern Endo, predate Endo's acquisition of Par, the entity that sold Divalproex ER.

133.    Par admits only that the allegations in Paragraph 133 purport to quote from a transcript of an August 8, 2016 Endo earnings call, the content of which speaks for itself.

134.    Par refers Plaintiffs to Par's public securities filings, the contents of which speak for themselves.

135.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135, and, on that basis, denies them.

136.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136, and, on that basis, denies them.

137.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137, and, on that basis, denies them.

138.    Par lacks sufficient knowledge or information about what "[c]omments from industry analysts suggest" to form a belief as to the truth of the allegations in the first sentence of Paragraph 138, and, on that basis, denies them.  Par denies that it engaged in collusion.  Par admits only that the second sentence of Paragraph 138 purports to quote from a Wall Street Journal article, the content of which speaks for itself.

139.    Par admits only that Paragraph 139 purports to summarize and quote from a Bloomberg article, the content of which speaks for itself.

140.    Par admits only that the first sentence of Paragraph 140 purports to quote from a study by David Belk, MD, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 140 purports to summarize a GAO Report, the content of which speaks for itself.

141.    Par admits only that Paragraph 141 purports to summarize and quote from a Financial Times article, the content of which speaks for itself.

142.    Par admits only that Paragraph 142 purports to summarize and quote from a press release by the Pennsylvania Medical Society, the content of which speaks for itself.

143.    Par admits only that in January 2014 the NCPA sent correspondence to the U.S. Senate HELP Committee and the U.S. House Energy and Commerce Committee, the content of which speaks for itself.

144.    Par admits only that on October 2, 2014, Senator Bernie Sanders (I-VT), Chair of the Subcommittee on Primary Health and Aging, Senate Committee on Health, Education, Labor and Pensions, and Representative Elijah E. Cummings (D-MD), the Ranking Member of the House Committee on Oversight and Government Reform, sent letters to 14 drug manufacturers, including Dr. Reddy's, Mylan, Par, and Zydus.  The contents of those letters speak for themselves.

145.    Par admits only that Senator Sanders and Representative Cummings issued a joint press release, the content of which speaks for itself.

146.    Par admits only that Paragraph 146 purports to quote from a letter to Zydus from Senator Sanders and Representative Cummings, the content of which speaks for itself.

147.    Par admits only that Paragraph 147 purports to summarize a letter to Zydus from Senator Sanders and Representative Cummings, the content of which speaks for itself.

148.    Par admits only that Paragraph 148 purports to summarize a letter to Zydus from Senator Sanders and Representative Cummings, the content of which speaks for itself.

149.    Par admits only that the first sentence of Paragraph 149 purports to quote from a letter to the OIG of the Department of Health and Human Services from Senator Sanders and Representative Cummings, the content of which speaks for itself.  Par admits only that the second sentence of Paragraph 149 purports to summarize and quote from OIG's response letter to Senator Sanders and Representative Cummings, the content of which speaks for itself.

150.    Par admits only that Paragraph 150 purports to summarize an August 2016 GAO report, the content of which speaks for itself.

151.    Par admits that DOJ opened a criminal investigation into alleged collusion in the generic pharmaceutical industry.  Par also admits that DOJ empaneled a grand jury in this District.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 151, and, on that basis, denies them.

152.    Par admits only that the third sentence of Paragraph 152 purports to summarize an article by Policy and Regulatory Report, the content of which speaks for itself.  Par admits only that the fourth sentence of Paragraph 152 purports to quote from an article by Bloomberg, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 152, and, on that basis, denies them.

153.    Par admits that it has received a subpoena from DOJ pertaining to generic drug pricing.  Par denies the remaining allegations in Paragraph 153 as they pertain to Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 153, and, on that basis, denies them.

154.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154, and, on that basis, denies them.

155.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155, and, on that basis, denies them.

156.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156, and, on that basis, denies them.

157.     Par admits the allegations in the first and second sentences of Paragraph 157.  Par denies that Endo Pharmaceuticals Inc. is Par's parent company.  Par admits that Endo Pharmaceuticals Inc. received the CTAG Interrogatories and Subpoena in December 2015.

158.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158, and, on that basis, denies them.

159.     Par admits that other generic drug manufacturers have publicly disclosed that they received subpoenas in connection with the DOJ and State AG investigations.  Par also admits that some generic drug manufacturers have publicly disclosed that search warrants have been executed at their offices and/or that some of their employees have received subpoenas as part of the DOJ and/or State AG investigations.  Par denies the remaining allegations in Paragraph 159.

160.     Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 160, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 160 purport to summarize and quote from the DOJ's Antitrust Division Manual, the content of which speaks for itself.

161.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161, and, on that basis, denies them.  Par denies any insinuation that it has engaged in any anticompetitive conduct.

162.    Par lacks sufficient knowledge or information about what is meant by "significant" to form a belief as to the truth of the allegations in the first sentence of Paragraph 162, and, on that basis, denies them.  Par admits only that the remaining allegations in Paragraph 162 purport to summarize and quote from the DOJ's website, the content of which speaks for itself.

163.    Par admits the allegations in Paragraph 163.

164.    Par admits the allegations in the first two sentences of Paragraph 164.  Par admits only that the third sentence in Paragraph 164 purports to quote from a transcript from Glazer's and Malek's plea hearing, the content of which speaks for itself.  Par lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 164, and, on that basis, denies them.

165.    Par admits that DOJ has intervened in MDL 2724, as well as at least one other civil antitrust action that has been transferred to MDL 2724 since the filing of this Complaint.  Par admits only that the second sentence of Paragraph 165 purports to quote from an oral argument transcript from the S.D.N.Y. propranolol action, the content of which speaks for itself.  Par admits only that the third sentence of Paragraph 165 purports to quote from a brief DOJ filed with the JPML, the content of which speaks for itself.  Par admits that DOJ moved for a stay of discovery in MDL 2724.  Par admits only that the remaining allegations in the fourth sentence of Paragraph 165 purport to quote from DOJ's motion to stay discovery, the content of which speaks for itself.

166.     Par admits only that Paragraph 166 purports to quote from DOJ's Spring 2017 Division Update, the content of which speaks for itself.

167.     Par admits that the State AGs filed a complaint involving doxycycline DR and glyburide days after the DOJ filed criminal charges against Glazer and Malek.  Par admits only that the second and third sentences of Paragraph 167 purport to summarize allegations made in the State AGs' doxycycline DR and glyburide complaint, the content of which speaks for itself. Par admits only that the fourth and fifth sentences of Paragraph 167 purport to quote from an article in The Connecticut Mirror, the content of which speaks for itself.

168.     Par admits only that Paragraph 168 purports to quote from a press release by the Connecticut Attorney General, the content of which speaks for itself.

169.     Par admits only that Paragraph 169 purports to quote from and summarize briefs the State AGs filed with the JPML, the contents of which speak for themselves.

170.     Par admits only that Paragraph 170 purports to quote from and summarize an MLex article, the content of which speaks for itself.

171.     Par admits only that Paragraph 171 purports to quote from a press release by the New York Attorney General, the content of which speaks for itself.

172.     Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172, and, on that basis, denies them.

**VI.     The Divalproex ER Market**

173.     Par denies the allegations in Paragraph 173.

174.     Par denies that it has engaged in any collusion.  Par lacks sufficient knowledge about the purported "[f]actors showing that a market is susceptible to collusion" to form a belief as to the truth of the remaining allegations in Paragraph 174, and, on that basis, denies them.

175.     Par denies the allegations in Paragraph 175.

28

VII.    **Class Action Allegations**

176.    Par admits that Plaintiffs purport to bring this action on behalf of a Class, as alleged in Paragraph 176.  Par denies that this action meets the prerequisites for a class action under Federal Rule of Civil Procedure 23.

177.    Par denies the allegations in Paragraph 177.

178.    Par denies the allegations in Paragraph 178.

179.    Par denies the allegations in Paragraph 179.

180.    Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 180, and, on that basis, denies them.

181.    Par denies the allegations in Paragraph 181.

182.    Par denies the allegations in Paragraph 182.

183.    Par denies the allegations in Paragraph 183.

184.    Par denies the allegations in Paragraph 184.

VIII.   **Antitrust Injury**

185.    Par admits that certain Plaintiffs directly purchased Divalproex ER from Par.  Par lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 185 as they pertain to other Defendants, and, on that basis, denies them.  Par denies the remaining allegations in Paragraph 185.

186.    Par denies the allegations in Paragraph 186.

187.    Par denies the allegations in Paragraph 187.

188.    Par denies the allegations in Paragraph 188.

IX.     **Claim for Relief**

189.    Par repeats its answer to every allegation set forth above as though fully set forth herein.

190.     Par denies the allegations in Paragraph 190.

191.     Par denies the allegations in Paragraph 191.

192.     Par denies the allegations in Paragraph 192.

193.     Par denies the allegations in Paragraph 193.

194.     Par denies the allegations in Paragraph 194.

195.     Par denies the allegations in Paragraph 195.

196.     Par denies the allegations in Paragraph 196.

197.     Par denies the allegations in Paragraph 197.

**X.      Prayer for Relief**

Par denies any allegations contained in Plaintiffs' Prayer for Relief, including Subparts
A-F, and Par denies that Plaintiffs are entitled to any relief.

**XI.     Jury Trial Demanded**

The jury demand contains no factual assertions to which a response is required.  To the
extent that any response is required, Par denies the allegations.

**<u>DEFENSES</u>**

Par alleges as additional and/or affirmative defenses the following:

1.      The Complaint fails, in whole or in part, to state a claim upon which relief may be
granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of
limitations and/or repose.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands
and/or *in pari delicto*.

4.      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

5.      The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against Par.

6.      Plaintiffs' claims are barred in whole or in part because the acts or omissions of Par did not substantially lessen competition in any properly defined market.

7.      Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Par had no control.  The acts of such third parties constitute intervening or superseding causes.

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

9.      Plaintiffs' claims are barred, in whole or in part, because some or all Plaintiffs lack standing to bring such claims and/or have not sustained cognizable antitrust injury attributable to Par's conduct.

10.      Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

11.      Plaintiffs' claims are barred in whole or in part because any award of treble damages or punitive or exemplary damages against Par based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

12.     To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

13.     Par incorporates by reference any defenses applicable to it that are asserted by any other Defendant to the Complaint as if set forth fully herein.

14.     Par reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

WHEREFORE, Par hereby requests that Plaintiffs' Complaint be dismissed in its entirety, with prejudice; that any and all of Plaintiffs' claims for damages or other relief of any sort or nature be denied; that Par be awarded costs, disbursements, and reasonable attorney's fees; and that Par be awarded such other and further relief as this Court may deem just and proper.

Dated:  January 31, 2019

Respectfully submitted,

*/s/ John E. Schmidtlein*
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Par Pharmaceutical, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 31st day of January, 2019, a copy of the foregoing in the above-captioned case was delivered to counsel of record via ECF.

*/s/ John E. Schmidtlein*
John E. Schmidtlein
