**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 16-MD-2724 |
| IN RE: DIVALPROEX ER CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | |
| *ALL DIVALPROEX ER DIRECT PURCHASER ACTIONS* | LEAD CASE: 16-DV-27240 |
| | DIRECT CASE: 16-DV-27241 |
| AHOLD USA, INC. *et al.*, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| DR. REDDY'S LABORATORIES, INC. *et al.*, | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT DR. REDDY'S LABORATORIES, INC.**

Defendant Dr. Reddy's Laboratories, Inc. ("DRLI") states the following as its Answer and Defenses to the Consolidated Direct Purchaser Class Action Complaint ("Complaint"). Any allegation in the Complaint not explicitly responded to in this Answer, including any allegations made in the Complaint's headings or sub-headings, is hereby denied.

**ANSWER**

## I.      Introduction

1.      DRLI denies the allegations in Paragraph 1 of the Complaint except admits that it sold Divalproex ER.

2.      Denied.

3.      Denied.

4.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint, except admits that there are ongoing investigations.

5.      Admitted.

6.      DRLI denies the allegations in Paragraph 6 of the Complaint except admits that generic Divalproex ER has been available for almost a decade.

7.      DRLI denies the allegations in Paragraph 7 of the Complaint except admits the existence of the GAO report, the contents of which speaks for itself.

8.      DRLI denies the allegations in Paragraph 8 of the Complaint except admits a grand jury has been empaneled in the Eastern District of Pennsylvania.

9.      DRLI denies the allegations in Paragraph 9 of the Complaint except admits the NCPA news release is available as cited, the contents of which speaks for itself.

10.      DRLI denies the allegations in Paragraph 10 of the Complaint except admits that criminal charges were filed against Glazer and Malek and refers to the charges for their content.

11.      DRLI denies the allegations in Paragraph 11 of the Complaint except admits the DOJ filed a motion seeking a stay of discovery, the contents of which speaks for itself.

12.      DRLI denies the allegations in Paragraph 12 of the Complaint except admits that the State of Connecticut Attorney General and other state attorneys general have filed complaints, the contents of which speak for themselves.  DRLI further admits the existence of the articles cited in footnotes 7 and 8, the contents of which speak for themselves.

13.      DRLI denies the allegations in Paragraph 13 of the Complaint except admits that Pfizer made a filing with the SEC on August 10, 2017, the contents of which speaks for itself.

14.     Denied.

15.     Denied.

## II.     JURISDICTION AND VENUE

16.     The allegations in Paragraph 16 are legal conclusions for which no response is required; to the extent a response is required the allegations are denied.

17.     The allegations in Paragraph 17 are legal conclusions for which no response is required; to the extent a response is required the allegations are denied.

18.     DRLI denies the allegations in Paragraph 18 of the Complaint except admits that DRLI sold Divalproex ER in the United States.

19.     The allegations in paragraph 19 are legal conclusions for which no response is required; to the extent a response is required, DRLI denies the allegations in Paragraph 19 of the Complaint except admits that DRLI sold Divalproex ER in the United States.

## III.     PARTIES

**A.     Plaintiffs**

20.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint.

21.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint.

22.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint.

24.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint.

**B.**     **Defendants**

25.     DRLI admits the allegations in Paragraph 25 of the Complaint except denies that it is a wholly-owned subsidiary of Dr. Reddy's Laboratories, Ltd.

26.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint.

27.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint.

28.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint.

29.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint.

31.     Denied.

**C.**     **Co-Conspirators**

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

## IV.   <u>INTERSTATE TRADE AND COMMERCE</u>

37.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint, except admits that it sells Divalproex ER in the United States.

38.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, except admits that it sells Divalproex ER in the United States.

39.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, except admits that it sells Divalproex ER in the United States.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## V.   <u>FACTUAL ALLEGATIONS</u>

**A.     The Generic Drug Market Is a Commodities Market, Where Competition Historically Has been Keen.**

**1.     <u>Generic drugs should lead to lower prices.</u>**

44.     DRLI denies the allegations in Paragraph 44 of the Complaint except admits that the FDA has issued regulations relating to the generic pharmaceutical industry, the contents of such regulations speak for themselves.

45.     DRLI denies the allegations in Paragraph 45 of the Complaint except admits that the "Hatch-Waxman Act" is enacted legislation that regulates the generic pharmaceutical industry, the content of the legislation speaks for itself.

46.     DRLI denies the allegations in Paragraph 46 of the Complaint except admits that the FDA has issued regulations relating to the generic pharmaceutical industry, the contents of such regulations speak for themselves.

47.     DRLI denies the allegations in Paragraph 47 of the Complaint except admits that pharmacists are generally permitted to substitute generic products for branded products.

48.     Denied.

49.     Denied.

50.     DRLI denies the allegations in Paragraph 50 of the Complaint except admits the FTC report is available as cited, the contents of which speaks for itself.

51.     DRLI denies the allegations in Paragraph 51 of the Complaint except admits the GPhA study is available as cited, the contents of which speaks for itself.

**2.      Prescription drug prices in the United States are governed by institutional safeguards, which are intended to keep drug prices competitive.**

52.     Denied.

53.     DRLI denies the allegations in Paragraph 53 of the Complaint except admits that generic manufacturers typically report Wholesale Acquisition Cost ("WAC") and WAC typically does not include discounts that may be provided to purchasers.

54.     DRLI denies the allegations in Paragraph 54 of the Complaint except admits that a Maximum Allowable Cost ("MAC") pricing exists in the generic pharmaceutical industry.

55.     DRLI denies the allegations in Paragraph 55 of the Complaint, except admits that the Express Scripts and Academy of Managed Care Pharmacy articles are available as cited, the contents of the articles speak for themselves.

56.     DRLI denies the allegations in Paragraph 56 of the Complaint except admits that MAC pricing exists within the generic pharmaceutical industry and admits that the National Community Pharmacists Association article and the Academy of Managed Care Pharmacy articles are available as cited, the contents of which speak for themselves.

57.     DRLI denies the allegations in Paragraph 57 of the Complaint, except admits that MAC pricing exists within the generic pharmaceutical industry.

58.     DRLI denies the allegations in Paragraph 58 of the Complaint, except admits that MAC pricing exists within the generic pharmaceutical industry.

59.     Denied.

**B.     Defendants Conspired to, Among Other Things, Raise Divalproex ER Prices.**

**1.     Defendants dominance over Divalproex ER sales permitted them to fix prices, and their abrupt price increases are otherwise inexplicable.**

60.     DRLI denies the allegations in Paragraph 60 of the Complaint except admits that IMS publishes reports, the contents of which speak for themselves.

61.     Denied.

62.     DRLI denies the allegations in Paragraph 62 of the complaint except admits there were at least three manufacturers of Divalproex ER.

**2.     <u>Defendants' collective market dominance permitted them to collude.</u>**

63.     DRLI denies the allegations in Paragraph 63 of the Complaint except admits that IMS publishes unit sales data, the contents of which speak for themselves.

64.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 of the Complaint.

**3.     Defendants' effective prices were remarkably stable before skyrocketing in the Class Period.**

65.     DRLI denies the allegations in Paragraph 65 of the Complaint except admits that Mylan and Par were selling significant amounts of Divalproex ER.

66.     Denied.

67.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 67 of the Complaint.

68.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 68 of the Complaint.

69.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 69 of the Complaint.

70.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70 of the Complaint.

71.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 71 of the Complaint.

72.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 72 of the Complaint.

73.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 73 of the Complaint.

74.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 74 of the Complaint.

75.     Denied.

76.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76 of the Complaint.

77.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77 of the Complaint.

**4.      As part of the conspiracy, some Defendants increased their WAC benchmarks in lockstep.**

78.     DRLI denies the allegations in Paragraph 78 of the Complaint except admits that WAC pricing exists within the generic pharmaceutical industry.

**5.      There are no shortages or other market changes that would justify Defendants' price increases.**

79.     Denied.

80.     DRLI denies the allegations in Paragraph 80 of the Complaint, except admits that the FDA requires drug manufacturers to report drug shortages.

**C.     Defendants Orchestrated Their Conspiracy Through In-Person Meetings and Other Forms of Communication.**

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     DRLI denies the allegations in Paragraph 86 of the Complaint except admits the FiercePharma article is available as cited, the contents of which speaks for itself and admits the Connecticut Attorney General issued a press release, the contents of which speaks for itself.

87.     DRLI denies the allegations in Paragraph 87 of the Complaint, except admits that DRLI belonged to trade associations.

88.     DRLI denies the allegations in Paragraph 88 of the Complaint, except admits that GPhA was formed in 2000 and has a website, the contents of which speak for itself.

89.     DRLI denies the allegations in Paragraph 89 of the Complaint, except admits that GPhA has a website, the contents of which speak for itself.

90.      DRLI denies the allegations in Paragraph 90 of the Complaint except admits that DRLI was a member of GPhA.

91.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 91 of the Complaint except admits that Alok Sonig was a member of the GPhA Board in 2016.

92.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 92 of the Complaint.

93.      DRLI denies the allegations in Paragraph 93 of the Complaint except admits that NACDS is a trade association that holds events.

94.      DRLI denies the allegations in Paragraph 94 of the Complaint except admits that the HDMA is a trade association and admits that DRLI was a member of HDMA.

95.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint, except admits that ECRM has a website, the contents of which speak for itself.

96.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of the Complaint.

97.      DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97 of the Complaint except admits that DRLI has attended a ECRM Efficient Planning Session.

98.      DRLI denies the allegations in Paragraph 98 of the Complaint, except admits that GPhA, HDMA, NACDS and ECRM held various meetings and events.

99.      DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 99 of the Complaint.

100.     DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 100 of the Complaint.

101.     DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 101 of the Complaint except admits that DRLI representatives attended the February 2013 ECRM Retail Pharmacy Efficient Programming Session in Dallas.

102.     DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 102 of the Complaint except admits that DRLI representatives attended the NACDS 2013 annual meeting in Palm Beach.

103.     DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 103 of the Complaint except admits that DRLI representatives attended the HDMA 2013 Business and Leadership Conference in Orlando.

104.     DRLI lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 104 of the Complaint except admits that DRLI representatives attended the 2013 GPhA meeting in Bethesda.

105.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in paragraph 105 of the Complaint except admits that DRLI representatives attended NACDS  2013 Total Store Expo in Las Vegas.

106.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 106 of the Complaint.

107.      DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 107 of the Complaint.

108.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 108 of the Complaint.

109.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 109 of the Complaint.

110.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 110 of the Complaint.

111.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 111 of the Complaint.

112.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 112 of the Complaint.

113.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 113 of the Complaint.

114.     DRLI lacks knowledge of information sufficient to admit or deny the allegations in Paragraph 114 of the Complaint.

115.     Denied.

116.     Denied.

117.     DRLI denies the allegations in Paragraph 117 of the Complaint except DRLI admits that it has headquarters in New Jersey.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

1.     **Investor communications demonstrate an intent to fix and maintain supracompetitive prices to realize record profits.**

122.    Denied.

123.    DRLI denies the allegation of Paragraph 123 of the Complaint except DRLI admits that an earnings call took place, the contents of which speak for itself.

124.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 124 of the Complaint.

125.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 125 of the Complaint.

126.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 126 of the Complaint.

127.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 127 of the Complaint.

128.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128 of the Complaint.

129.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 129 of the Complaint.

130.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 130 of the Complaint.

131.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 131 of the Complaint.

132.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 132 of the Complaint.

133.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133 of the Complaint.

134.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 134 of the Complaint.

135.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 135 of the Complaint.

136.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136 of the Complaint.

137.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 137 of the Complaint.

**2.      Industry commentary indicates collusion is a plausible explanation for the increase in Divalproex ER Prices.**

138.    DRLI denies the allegations in Paragraph 138 of the Complaint except admits the WSJ article is available as cited, the contents of which speak for itself.

139.    DRLI denies the allegations in Paragraph 139 of the Complaint except admits the Bloomberg article is available as cited, the contents of which speaks for itself.

140.    DRLI denies the allegations of Paragraph 140 of the complaint except admits the study is available as cited, the contents of which speaks for itself.

141.    DRLI denies the allegations of Paragraph 141 of the complaint except admits the Financial Times article is available as cited, the contents of which speaks for itself.

142.    DRLI denies the allegations of Paragraph 142 of the complaint except admits the Pennsylvania Medical Society press release is available as cited, the contents of which speaks for itself.

**D.      Defendants' Conduct in Generic Drug Pricing is Under Investigation by the United States Congress, the DOJ, and the State Attorneys General.**

143.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 143 of the Complaint.

144.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 144 of the Complaint except admits the existence of the letter from Senator Bernie Sanders and Representative Elijah E. Cummings, the content of which speaks for itself.

145.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145 of the Complaint except admits the existence of the press release, the contents of which speaks for itself.

146.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 146 of the Complaint except admits the existence of the letter from Senator Sanders and Representative Cummings, the contents of which speaks for itself.

147.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 147 of the Complaint except admits the existence of the letter from Senator Sanders and Representative Cummings, the contents of which speaks for itself.

148.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 148 of the Complaint except admits the existence of the letter from Senator Sanders and Representative Cummings, the contents of which speaks for itself.

149.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149 of the Complaint except admits the existence of the letter from Senator Sanders and Representative Cummings, the contents of which speaks for itself.

150.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 150 of the Complaint except admits the existence of the GAO report, the contents of which speaks for itself.

**2.     The DOJ launched a broad criminal investigation into anticompetitive conduct by generic drug manufacturers.**

151.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 151 of the Complaint except admits a grand jury has been empaneled in the Eastern District of Pennsylvania.

152.     DRLI denies the allegations in Paragraph 152 of the Complaint except admits the Bloomberg article is available as cited, the contents of which speaks for itself.

153.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 153 of the Complaint.

154.     Admitted.

155.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 155 of the Complaint except admits Mylan filed SEC reports, the contents of which speak for themselves.

156.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 156 of the Complaint except admits Mylan filed SEC reports, the contents of which speak for themselves.

157.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 157 of the Complaint except admits Par filed SEC reports, the contents of which speak for themselves.

158.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 158 of the Complaint except admits the Times of India article is available as cited, the contents of which speak for itself.

159.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 159 of the Complaint.

160.    DRLI denies the allegations in paragraph 160 of the Complaint except acknowledges the DOJ has published an Antitrust Division Manual, the contents of which speaks for itself.

161.    Denied.

162.    DRLI denies the allegations in Paragraph 162 of the complaint except it acknowledges the existence of the FAQ on the DOJ website, the contents of which speaks for itself.

163.    DRLI denies the allegations in Paragraph 163 of the complaint except acknowledges that criminal complaints were filed against Glazer and Malek and refers to the complaints for their contents.

164.    DRLI denies the allegations in paragraph 164 of the complaint except admits that Malek and Glazer have pled guilty.

165.    DRLI denies the allegations in paragraph 165 of the complaint except admits the DOJ has filed motions for a stay of discovery, the contents of which speaks for themselves.

166.    DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 166 of the Complaint except admits the update appears on the DOJ website and the content speaks for itself.

**3.**     **Led by the State of Connecticut, 45 attorneys general launched their own investigation of antitrust violations in the generic drug industry.**

167.     DRLI denies the allegations in Paragraph 167, except admits the existence of the State AGs' Complaint, the content of which speaks for itself.

168.     DRLI denies the allegations in Paragraph 1678, except admits the existence of the press release, the content of which speaks for itself.

169.     DRLI denies the allegations in Paragraph 169, except admits the existence of the State AGs' filings with the United States Judicial Panel on Multidistrict Litigation, the content of which speaks for itself.

170.     DRLI denies the allegations in Paragraph 170, except that W. Joseph Nielsen has made certain comments, the content of which speaks for themselves.

171.     DRLI denies the allegations in Paragraph 171, except admits the existence of the press release, the content of which speaks for itself.

172.     DRLI lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 172 of the Complaint.

## VI.     THE DIVALPROEX ER MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

173.     Denied.

174.     Denied.

175.     Denied.

## VII.     CLASS ACTION ALLEGATIONS

176.     The allegations in Paragraph 176 of the Complaint are legal conclusions for which no response is required; to the extent a response is required the allegations are denied.

177.     Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

**VIII.   <u>ANTITRUST INJURY</u>**

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

**IX.   <u>CLAIM FOR RELIEF-VIOLATION OF SECTION 1 OF THE SHERMAN ACT</u>**

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

## DEFENSES

DRLI alleges as additional and/or affirmative defenses the following:

1.      The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

4.      Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was unilateral, has not unreasonably restrained trade, was based on independent and legitimate business and economic justifications, and constituted lawful, bona fide business behavior.

5.      The Complaint fails to allege sufficiently or otherwise properly define any market for the purpose of asserting a claim against DRLI.

6.      Plaintiffs' claims are barred in whole or in part because the acts or omissions of DRLI did not substantially lessen competition in any properly defined market.

7.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate any alleged damages.

8.      Plaintiffs' claims are barred, in whole or in part, because some or all Plaintiffs lack standing to bring such claims and/or have not sustained cognizable antitrust injury attributable to DRLI's conduct.

9.      Plaintiffs' claims are barred, in whole or in part, because they seek damages that are duplicative of damages sought by Plaintiffs in other actions in this MDL, and such duplicative

recovery would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

10.     Plaintiffs' claims are barred in whole or in part because any award of treble damages or punitive or exemplary damages against DRLI based on the alleged conduct would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

11.     To the extent the Complaint could be read as seeking punitive damages, such damages are not available in this action.

12.     DRLI reserves the right to amend this Answer to assert any additional defenses when and if, in the course of discovery, investigation, or preparation for trial, it becomes appropriate to assert such defenses.

WHEREFORE, DRLI hereby requests that Plaintiffs' Complaint be dismissed in its entirety, with prejudice; that any and all of Plaintiffs' claims for damages of any sort or nature be denied; that DRLI be awarded costs, disbursements, and reasonable attorney's fees; and that DRLI be awarded such other and further relief as this Court may deem just and proper.

Dated:  January 31, 2019                           By: */s/ Roger B. Kaplan*
                                                        Roger B. Kaplan
                                                        Jason H. Kislin
                                                        Aaron Van Nostrand
                                                   GREENBERG TRAURIG, LLP
                                                   500 Campus Drive, Suite 400
                                                   Florham Park, NJ 07931
                                                   (973) 360-7900
                                                   kaplanr@gtlaw.com
                                                   kislinj@gtlaw.com
                                                   vannostranda@gtlaw.com
                                                        -and-
                                                   Brian T. Feeney
                                                   GREENBERG TRAURIG, LLP
                                                   2700 Two Commerce Square
                                                   2100 Market Street

Philadelphia, PA 19103
(215) 988-7800
feeneyb@gtlaw.com

Attorneys for Defendant
Dr. Reddy's Laboratories, Inc.